WISCONSIN PLANING MILL COMPANY, Appellant, vs. SCHUDA and others, Respondents.

*September 18 — October 9, 1888.*

*(1, 2) Evidence: Admissions: Foundation: Joint tenants. (3) Mortgage to secure future advances: Lien for labor and materials: Priority.*

1. No foundation need be laid for proof of the admissions of a party against his own interest.

[2. Whether an admission by one joint tenant of land, tending to establish the plaintiff's right to a lien thereon, is evidence against his cotenant, not determined.]

3. A mortgage of land executed in good faith to secure advances to be thereafter made to pay for labor performed and materials furnished in and for the erection of a building on the premises, and which advances were so made, although after the commencement of the building, becomes a lien upon the premises from the time of the execution and recording thereof; and if it is recorded before the commencement of the building it will take precedence of liens for labor performed and materials used in the erection of the building.

APPEAL from the Circuit Court for *Milwaukee* County.

This action was brought under the statute (ch. 143, R. S.) to enforce a lien upon a building and the lot upon which it was erected for the price of certain lumber furnished by the plaintiff company and used in the erection of such building. The right of action is founded upon the proposition that the defendants the *Schudas* were the purchasers of the lumber. No attempt is here made to enforce the lien of a subcontractor. The defendant the *Joseph Schlitz Brewing Company* holds a mortgage upon such real estate, executed to it by the *Schudas,* who own the property in fee as joint tenants.

All of the defendants answered, denying that the *Schudas* purchased the lumber in question of the plaintiff, and alleging that the same was purchased by one Mrozinski, who, it is conceded, had theretofore duly entered into a contract with the *Schudas* to do all the carpenter work in the erection of such building, and to furnish all materials therefor. The plaintiff claims that it refused to sell the lumber to Mrozinski, and, upon such refusal, that the *Schudas* made the purchase on their own account, without reference to their contract with Mrozinski. This is the only issue going to the right of action; it being conceded that if the *Schudas* were the purchasers of the lumber the plaintiff is entitled to a lien for its price or value upon their interest in the real estate in question. On the trial of the cause this issue was found for the defendants; that is to say, the court found that the *Schudas* are not, nor is either of them, indebted to the plaintiff " as an original or principal contractor, in any sum whatever."

The defendant the brewing company further answered that it made a loan of $5,000 to the defendants *Schuda* for the sole and only purpose of paying for the erection of the building in question, and that to secure the loan the *Schudas* executed and delivered to it, on April 26, 1887, a mortgage

AUGUST TERM, 1888.　　　279

Wisconsin Planing Mill Co. vs. Schuda and others.

upon the real estate described in the complaint, which mortgage was duly recorded April 27, 1887. Also that it was agreed, when the mortgage was executed, that the $5,000 should be retained by the company and paid out by it from time to time as the building progressed, for labor performed thereon and materials furnished therefor. That under such agreement the company paid out $4,175 for such labor and materials between May 8, and July 31, 1887, and has not paid out the balance of the $5,000, because it has been summoned as garnishee of the *Schudas*. It is further alleged in such answer that the mortgage was executed before the commencement of any work on said building.

The court found as a conclusion of law that the mortgage to the brewing company " is a lien upon said premises for the amount advanced thereon, prior to any lien for work done or materials furnished in the erection and construction of said building." A sufficient statement of the testimony given on the trial will be found in the opinion. The plaintiff appeals from a judgment dismissing the complaint.

For the appellant there was a brief by *Rogers & Mann*, and oral argument by *C. D. Mann*. They contended, *inter alia*, that at least all advances made after the delivery of the building materials on May 2, 1887, became liens subsequent to the lien of the material men. R. S. sec. 3314; *Hall v. Hinckley*, 32 Wis. 362; *Redmon v. Phœnix F. Ins. Co.* 51 id. 302; *Dorestan v. Krieg*, 66 id. 608–9. The giving of a mortgage *only* does not create a lien; there is no lien until the money is paid or advanced to the mortgagor; and the lien of the material man is superior to any such mortgage. See *Dunklee v. Crane*, 103 Mass. 471, and cases cited; *Chapman v. Wadleigh*, 33 Wis. 267.

For the respondents *August* and *Marianna Schuda* there was a brief by *Clarke & McAuliffe*, and oral argument by *J. M. Clarke*.

For the respondent *Joseph Schlitz Brewing Company*

there was a brief by *Wallber & Wahl*, and oral argument by *G. H. Wahl*. They argued, among other things, that a mortgage to secure future advances may be given for a specific amount, and will then be a security for a debt to that amount. 1 Jones on Mortg. sec. 374; *Collins v. Carlile*, 13 Ill. 254; *Bank of Utica v. Finch*, 3 Barb. Ch. 293; *Murray v. Barney*, 34 Barb. 336; *Moroney's Appeal*, 24 Pa. St. 372–375; *Foster v. Reynolds*, 38 Mo. 553; *Craig v. Tappin*, 2 Sandf. Ch. 78. That the agreement under which the advances were made was verbal and not in writing, does not affect the lien of the mortgage. *Platt v. Griffith*, 27 N. J. Eq. 207. As to the mortgages to secure advances, the decisions are unanimous that the liens of such mortgages date from their execution and record, and are prior to subsequent incumbrances. *Gordon v. Graham*, 7 Vin. 52, E. pl. 3; *S. C.* 2 Eq. Cas. Ab. 598; *Rowan v. Sharp's R. M. Co.* 29 Conn. 282; *Shirras v. Caig*, 7 Cranch, 51; *Lyle v. Ducomb*, 5 Binn. 585; *Moroney's Appeal*, 24 Pa. St. 372; *Crane v. Deming*, 7 Conn. 387; *Boswell v. Goodwin*, 31 id. 74; *Wilson v. Russell*, 13 Md. 495; *Ward v. Cooke*, 17 N. J. Eq. 93; *Griffin v. Burtnett*, 4 Edw. Ch. 673; *Witczinski v. Everman*, 51 Miss. 841. A mechanic's lien is but an incumbrance. *Redmon v. Phœnix F. Ins. Co.* 51 Wis. 292. In Pennsylvania and New Jersey, where the lien law is similar in many respects to ours, in cases very similar to the one at bar the mortgage lien was held to be prior. *Moroney's Appeal*, 24 Pa. St. 372; *Platt v. Griffith*, 27 N. J. Eq. 207.

Lyon, J. I. Upon the controlling question of fact in the case, to wit, Were the *Schudas* the original or principal purchasers of the lumber in question? the testimony is in direct conflict. It does not so strongly and clearly preponderate either way as to justify this court in disturbing a finding of the learned circuit judge in that behalf, whether the same be for the plaintiff or the defendants. The con-

flicting testimony being so nearly balanced, it is important that the plaintiff — the party against whom the issue was found — should have the benefit of all legal testimony which it offered to introduce.

During the trial the plaintiff propounded to Lindley Collins, a witness called by it, this question: "Have you ever had any conversation with the defendant *Schuda* in regard to the claim of the *Wisconsin Planing Mill Company?*" The court sustained an objection to the question. Counsel for plaintiff then offered to prove by the witness that defendant *August Schuda* admitted to him that he was bound to pay the plaintiff's claim herein. The offer was rejected " as being an offer of evidence in rebuttal and in impeachment, for which no sufficient foundation has been laid."

We do not stop to inquire whether or not any sufficient foundation was laid for an impeachment of *Schuda*, although he was interrogated on the subject and denied making any such statement ·to Collins. However that may be, the offered testimony was competent as evidence in chief,— at least against the defendant *August*, and ought to have been so admitted. Whether such admission is also evidence against *Mrs. Schuda*, who is a joint owner with her husband of the premises on which. the lien is sought to be enforced, may be regarded as an open question. The rule is thus stated by Prof. Greenleaf: "In the absence of fraud, if the parties have a joint interest in the matter in suit, whether as plaintiffs or defendants, an admission made by one is, in general, evidence against all." 1 Greenl. Ev. sec. 174. The soundness of this rule, as applied to joint tenants, is vigorously questioned by Mr. Freeman in his valuable treatise on Co-Tenancy and Partition, sec. 169. Of course, we are here considering the liability of a joint tenant as distinguished from a tenant in common. We do not determine what the rule is, but hold that the admissions of *Mr. Schuda*, which were offered·to be proved, would have been

competent evidence in chief against him, and hence the rejected testimony should have been received.

If the defendants desired to restrict the effect of the testimony to *Mr. Schuda* alone, it should have been objected to specially on that ground; or the trial court in deciding the case could have limited its effect, if of the opinion that *Mrs. Schuda* was not bound or affected by it.. *Bonner v. Home Ins. Co.* 13 Wis. 677; *Mead v. Hein,* 28 Wis. 533, and note.

There is no rule of law requiring a foundation to be laid for proof of the admissions of a party to an action against his own interest. The defendant *August,* having denied making any such admission to Collins, the testimony was offered at the proper time to rebut such denial; and, had it been offered out of the proper order, it should have been received. The court should always exercise its discretion liberally to enable the parties to place before it all testimony within their reach material to the issue.

We cannot say what effect the offered testimony, had it been given by so reputable a witness as Mr. Collins, might have had upon the opinion of the circuit judge. It might have inclined him to think and adjudge that the *Schudas* were the original purchasers of the lumber. However that may be, the fact that the rejected testimony was material to the issue, and competent, and that its rejection may have affected the final determination of the case, is fatal to the judgment.

It would have been the better practice had the court received the testimony. If finally held incompetent, the court would have excluded it from its consideration, and no harm would result. But, the testimony not having been taken, and it being held that its rejection is a material error, a new trial is the only remedy. See *Stewart v. Stewart,* 41 Wis. 624.

II. The only remaining question to be determined is:

Was it correctly held that the mortgage of the brewing company is a lien upon the mortgaged premises for the amount advanced thereon, with priority over any lien for work done or materials furnished in the erection of the building?

The mortgage was recorded April 27th; the alleged contract for the sale of the lumber to the *Schudas* was made (if at all) April 8th; the first lumber was delivered by plaintiff May 2d, and all of it by June 2d; the first money was advanced on the mortgage May 7th, and the last July 31st,— all in 1887.

We think the learned counsel for the brewing company have fairly demonstrated, both on principle and by authority, that a mortgage executed, as was this mortgage, in entire good faith, to secure advances to be thereafter made to pay for labor performed upon the building in question and materials furnished therefor, and which advances were so made, although after the commencement of the building, becomes a lien upon the mortgaged premises from the time of the execution and recording of such mortgage, and, if it is recorded before the commencement of the building, it will take precedence of liens for labor performed and materials used in the erection of the building. R. S. sec. 3314. The cases cited which are most directly in point are *Moroney's Appeal*, 24 Pa. St. 372, and *Platt v. Griffith*, 27 N. J. Eq. 207. Several other cases illustrating the general rules of law affecting mortgages to secure future advances are cited in the brief of counsel. It is not necessary to comment upon or cite them here. It is enough to say they are in harmony with the cases above cited.

Counsel for plaintiff relied somewhat upon the case of *Dunklee v. Crane*, 103 Mass. 471, as supporting their contention that the lien of the mortgage accrued when advances were made, and then only for the sum so advanced. We think the case fails to sustain that doctrine. Under the

Massachusetts statutes the lien relates back only to the time when the contract was made under which the lien is claimed. The case only holds that such a lien has priority over a mortgage executed after the making of the contract under which the lien is claimed. No question of the effect of a mortgage for future advances is in the case.

The circuit court has not found whether the mortgage under consideration was executed and recorded before or after the commencement of the building. Counsel for plaintiff maintain that there is some testimony tending to prove the building was commenced before the mortgage was executed. If it was so commenced, should the plaintiff on a retrial be able to establish his right to a lien, such lien will have priority over the mortgage; otherwise not. The question can be determined on the retrial.

*By the Court.*— The judgment of the circuit court is reversed, and the cause will be remanded for a new trial.