WELCH, Administrator, etc., Respondent, vs. ABBOT and another, Trustees, etc., Appellants.

*October 11 — November 8, 1888.*

*(1) Railroads: Fences: Killing of stock: Conflicting evidence: Nonsuit. (2) Evidence: Impeachment of witness.*

1. In an action for the killing of an ox on a railroad, the evidence being conflicting as to the sufficiency of the gate or bars maintained by the company at a farm crossing where the animal got upon the track, and there being no evidence that the plaintiff was negligent, it is *held* that a nonsuit was properly denied.

2. The proper foundation having been laid, the credibility of a witness may be impeached by showing that he has made statements out of court different from those made by him on the stand as a witness.

APPEAL from the Circuit Court for *Portage* County.

Action to recover damages for the killing of an ox on the track of the railroad operated by the defendants. The facts will sufficiently appear from the opinion. On the trial, when the plaintiff rested, the defendants moved for a nonsuit, which was denied; and a motion, made at the close of the testimony, that the court direct a verdict in favor of the defendants was also denied. The jury returned a special verdict, and also found generally in favor of the plaintiff, assessing his damages at $96.73. From the judgment on the verdict the defendants appeal.

For the appellants there was a brief by *D. S. Wegg* and *Howard Morris*, attorneys, and *Winkler, Flanders, Smith, Bottum & Vilas*, of counsel, and oral argument by *J. G. Flanders*. They contended, *inter alia*, that the language of the statute restricts the liability to the owners of the adjacent land from which the animal comes upon the track. Unless the ox passed from the land of the plaintiff to the railway track, the plaintiff cannot recover. *Conroe v. Bull*, 7 Wis. 408; *State ex rel. Crawford v. Hastings*, 10 id. 525; *McDonnell v. P. & N. A. R. Corp.* 115 Mass. 564; *Giles v. B. & M. R. Co.* 55 N. H. 552. The court erred in admitting evidence as to the declarations of defendant's witness made out of court and subsequent to the killing of the ox. *Milwaukee & Miss. R. Co. v. Finney*, 10 Wis. 388; *Livesley v. Lasalette*, 28 id. 41; *Austin v. Austin*, 45 id. 531; *Sorenson v. Dundas*, 42 id. 642; *Mutcha v. Pierce*, 49 id. 231; *Fitzgerald v. Weston*, 52 id. 354; Story on Agency, sec. 135.

For the respondent there was a brief by *Cate, Jones & Sanborn*, and oral argument by *D. Lloyd Jones*.

TAYLOR, J.   John Welch, now deceased, brought an action against the appellants, as trustees in possession of and running the Wisconsin Central Railroad in this state, to recover the value of one ox belonging to the plaintiff, and which he alleged was killed by the negligence of the said trustees in not maintaining a suitable and sufficient gate or bars at a private crossing of said road on land adjoining the lands of the plaintiff.   The evidence clearly establishes the fact that plaintiff's ox escaped from the plaintiff's inclosure near the railroad, and passed over the lands of an adjoining owner, and through bars maintained by said company at a farm crossing on the lands of such adjoining owner, on to the railroad track, and was there killed by a passing train.   The only real dispute on the trial was upon the question of the negligence of the railroad company in not maintaining sufficient bars or gate at such farm crossing.   The plaintiff gave evidence tending to show that at the time of the accident, and for some time previous thereto and afterwards, the bars in question were wholly insufficient.   The witnesses testify that there were but three bars, not to exceed six inches in width, at the crossing, and that when the bars were in place they formed no real obstacle to prevent cattle from going over them.   The witnesses for the railroad company testified that there were four bars, and when in place they formed a sufficient protection against cattle.   On the whole evidence it was certainly a question for the jury, and not a question of law for the court, whether the company was guilty of negligence in not maintaining sufficient bars at the place in question.   There is no evidence showing that the plaintiff was negligent in not restraining the ox within his own premises.   The evidence tends to show that he maintained a lawful fence about his premises at the time of the accident, and that he had no knowledge that the ox was unruly or in the habit of throwing down fences.   It was clearly not a case in which the court should have granted a nonsuit.

It is urged by the learned counsel for the appellants that the court erred in permitting the plaintiff to ask one of the defendants' witnesses "whether he did not tell the plaintiff's son, on Tuesday after the accident, that part of the bars were gone or had been gone, and that there should have been five bars." This witness had testified for the defendants that he saw the bars on Saturday before the accident (the accident happened on Sunday), and that there were four bars, and that they were all in their places, and made a fence four or four and one-half feet high, and that there were no other bars lying about there; that he saw them on Monday after the accident, and that there were four bars there then, but pulled out at one side,— three were pulled out. The witness denied telling plaintiff's son anything about the bars. The son was recalled by the plaintiff as a witness, and testified that on Tuesday after the accident the witness Hagg told him "that part of the bars were gone, and he would get some new ones and fix them up." This statement of the witness Hagg was offered as impeaching evidence, and as Hagg was questioned about it on his examination there can be no objection to its competency. The rule is so well settled that you may impeach the credibility of a witness by showing that he has made statements out of court different from those made by him on the stand as a witness, when the witness is interrogated as to such statements while on the stand as a witness, so as to enable him to explain, if he can, why such statements were made, or to deny the fact that they were made, that it is wholly unnecessary to cite authorities to sustain such rule.

The motion for a new trial was properly denied. There was a conflict of evidence upon the principal point in the case, and the verdict of the jury ought to stand.

*By the Court.*— The judgment of the circuit court is affirmed.

See note to this case in 40 N. W. Rep. 223.— REP.