HUNTER, Respondent, vs. GIBBS, Appellant.

*February 3 — February 24, 1891.*

*Evidence to impeach witness: Admissions of party against his interest.*

1. Evidence that a witness has made statements out of court which are in conflict with his testimony given therein is not admissible for the purpose of impeaching him, unless a foundation for such impeachment has first been laid by pertinent questions calling his attention to those statements.

2. Admissions of a party against his own interest may be shown without first laying any foundation as for impeachment; and the fact that his testimony taken in the justice's court was, in his absence, read in evidence upon the trial in the circuit court, under a stipulation of parties, did not take the case out of the rule.

APPEAL from the Circuit Court for *Portage* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

This action was commenced March 6, 1888, in justice's court, to recover $67.30 and interest, for work and labor alleged to have been performed by the plaintiff for the defendant, at his request, between December 4, 1881, and April 6, 1882. The answer of the defendant was a general denial. Upon the trial in the justice's court a judgment was rendered against the plaintiff, and in favor of the defendant. Thereupon the parties entered into a stipulation to the effect that the testimony of the plaintiff taken in the justice's court might be used as his deposition in the circuit court, he having moved to the state of Washington. Upon a retrial in the circuit court, March 27, 1890, a verdict was rendered in favor of the plaintiff and against the defendant for $96.80. Upon the judgment entered upon that verdict the defendant appeals.

For the appellant there was a brief by *Lamoreux & Park*, and oral argument by *B. B. Park*. They contended that the testimony excluded by the court, aside from its impeaching character, was in the nature of admissions by the plaintiff against his own interest, and therefore admissible without first laying any foundation for impeachment.

For the respondent there was a brief by *Cate, Jones & Sanborn*, and oral argument by *D. Lloyd Jones*. They argued that the testimony was properly excluded, not only for want of a foundation for impeachment, but because it was not contradictory of any fact testified to by the witness.

CASSODAY, J. The trial court was undoubtedly right in ruling that the witness Luther Hunter could not be impeached by showing that he had made statements out of court in conflict with his testimony in court, without laying the foundation therefor by pertinent questions to Luther Hunter. *Welch v. Abbot*, 72 Wis. 512. So stringent is this rule that it extends even to the declarations of an agent not constituting a part of the *res gestæ*. *Stone v. Northwestern Sleigh Co.* 70 Wis. 585. But it is firmly established, and in fact elementary, that no foundation need be laid for proof of the admissions of a party against his own interest. *Wis. Planing Mill Co. v. Schuda*, 72 Wis. 277. By some inadvertence the learned trial court, in violation of this rule, repeatedly excluded evidence of such admissions on the part of the plaintiff. The fact that the plaintiff's testimony in the justice's court had, in his absence, and under a stipulation, been read in evidence upon the trial, did not take the case out of the rule.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.