KIRSCH, Appellant, vs. POMISAL and another, Respondents.

*November 7—December 3, 1940.*

For the appellant there was a brief by *Eberlein & Eberlein* of Shawano, and oral argument by *M. G. Eberlein*.

For the respondents there was a brief by *Benton, Bosser, Becker & Parnell* of Appleton, and oral argument by *A. W. Parnell*.

MARTIN, J. The parties agree that this appeal presents two questions: (1) Are the statements made by an injured party at the scene of the accident to a traffic officer, between forty-five minutes and one hour after the accident occurred, barred by sec. 325.28, Stats., in an action brought by the injured party to recover damages for his injuries, in which action the traffic officer is called as a witness by the defense and testifies as to statements made to him by the injured party relative to material facts? (2) Does sec. 325.28, Stats., apply to statements made and a diagram drawn by the injured party, illustrating how the accident occurred, within seventy-two hours of the time of the accident, to a disinterested party who, in a subsequent civil action for damages, is called by the defendants and who testifies as to said statements?

The accident in question occurred at about 9.30 p. m. on Saturday, June 4, 1938. Upon the trial, certain testimony was offered by the defense, and received by the court over objection, relating to statements made by the plaintiff to Traffic Officer Monroe, who arrived at the scene of the accident about forty-five minutes after it occurred while

the parties were still at the scene of the accident and their respective cars were in the positions occupied by them immediately after the collision. Plaintiff, then and there, explained to the traffic officer how the accident occurred. On the following Monday morning, and within seventy-two hours of the time of the accident, plaintiff met one Jones, an acquaintance, on the street in the city of Antigo. Plaintiff told Jones about the accident, how it occurred, and exhibited to Jones a diagram he had drawn, indicating his version of the accident.

Upon the trial both Monroe and Jones were called as witnesses by defendants, and over objections by plaintiff's counsel, testified as to certain statements made to them by plaintiff at the times and places above indicated. The plaintiff's objections to the testimony of both Monroe and Jones was on the ground that the statements made to them by the plaintiff were not a part of the *res gestæ* and were therefore barred by sec. 325.28, Stats., which provides:

"In actions for damages caused by personal injury, no statement made or writing signed by the injured person within seventy-two hours of the time the injury happened or accident occurred, shall be received in evidence unless such evidence would be admissible as part of the *res gestæ*."

Plaintiff contends that the statute is an absolute bar to the admissibility of any evidence concerning any and all statements which the injured party might have made within seventy-two hours of the time the injury happened or accident occurred, unless such evidence would be admissible as a part of the *res gestæ,* although the statements were made to entirely disinterested persons and regardless of the statements having been voluntarily made by the injured party.

In *Buckland v. Chicago, St. P., M. & O. R. Co.* 160 Wis. 484, 486, 152 N. W. 289, the court had occasion to interpret and apply sec. 4079*m* of the statutes which, since the amend-

ment of 1927, is sec. 325.28. There is no material difference in the statutes. There the court said:

"However, we think the statute was intended to apply to and cover statements *procured for the purpose of being used as evidence* against the injured party in any action he might thereafter bring; in other words, *statements procured for purposes of defense.*"

Again, in *Zastrow v. Schaumburger,* 210 Wis. 116, 125, 245 N. W. 202, the court had occasion to consider the scope and purpose of sec. 325.28, Stats., and there said:

"It is quite obvious that the statute [sec. 325.28] was particularly directed to the evils involved in the unfair practice of *procuring* statements, whether signed or unsigned, from an injured person after the accident happened or the injury occurred, for use in defending a suit which might thereafter be brought by the injured person against the person or corporation alleged to be liable. It was no doubt the thought of the legislature that it was unfair to *procure* statements from an injured person so shortly after his injury, when his physical and mental condition might be such as to prevent him from properly safeguarding his rights."

In the instant case, Officer Monroe's investigation was in his line of duty as a traffic officer. He had no personal or official interest in the prosecution or defense of any case which might arise out of the accident. His only purpose was to ascertain the facts. The witness Jones had no conceivable interest. The statements made by the plaintiff to him were all volunteered, including the exhibition of his diagram. Neither Monroe nor Jones was engaged in procuring statements for the purpose of their being used as evidence against plaintiff in any action he might thereafter bring. No contention is made that plaintiff was in such physical or mental condition, because of his injury, that he could not and did not intelligently relate the facts to Monroe and Jones at the time of his conversations with them.

The questions presented on this appeal are governed by the cases of *Buckland v. Chicago, St. P., M. & O. R. Co., supra,* and *Zastrow v. Schaumburger, supra.* There is no occasion to consider the *res gestæ* rule as we must hold that sec. 325.28, Stats., has no application to the facts as disclosed by the evidence in the instant case. Hence there was no error in the admission of the evidence which plaintiff contends was barred by the statute.

*By the Court.*—Judgment affirmed.