HOFFMAN, Special Administrator, Appellant, vs. LABUTZKE and another, Respondents.

*May 19—June 12, 1941.*

166

For the appellant there was a brief by *Fischer, Brunner & Strossenreuther* of Shawano, and oral argument by *L. J. Brunner*.

*Orville S. Luckenbach* of Shawano, for the respondent Lester Labutzke.

For the respondent Western Casualty & Surety Company there was a brief by *Chas. H. Avery* of Antigo, attorney, and *Eberlein & Eberlein* of Shawano of counsel, and oral argument by *Mr. Avery*.

MARTIN, J. The issues for retrial of this case were clearly set forth in the former opinion, *Hoffman v. Labutzke, supra,* at page 380. The question of damages and the question as to whether the insured failed to co-operate with his insurance carrier were the only questions on which there was to be a retrial. The retrial on the question of damages was ordered, not because they were considered excessive, but on account of erroneous and prejudicial instructions, see page 379 of the former opinion. The appellant insurance carrier on the former appeal contended that the awards of $2,500 for loss of society and companionship and $1,000 for pecuniary loss were excessive. The total award of damages on the first trial was $4,986.80; the total award on the retrial was $4,231.80. While the principal items of damages are high, we cannot say that they are excessive or such as would warrant this court in reducing same after two trials of the action. The damages as assessed by the jury must stand.

On the question as to whether the insured failed to co-operate with his insurance carrier, it is obvious that the verdict is incomplete. It does not cover the issue as to whether the insured failed to co-operate within the terms and conditions of the insurance policy. The finding in answer to question four that Labutzke did not meet a car at or near the curve which forced him off the highway, does not mean that he wilfully and falsely represented to his insurance carrier that he met a car which forced him off the highway. If that result follows, then in all such cases where there is a conflict in the evidence, if a jury finds against the contention of the insured as to the cause of the accident, the insurance carrier could claim that the insured had failed to co-operate and for that reason deny liability under its coverage. There was a sharp conflict in the evidence as to the presence of an approaching car around the curve, which Labutzke testified caused him to turn to his left to avoid a head-on collision, resulting in his going into the ditch, whereupon he swerved back onto the road, his left front tire blowing out at the edge of the black-top and the car tipping over. The court erroneously assumed that because the jury found that Labutzke did not meet a car at or near the curve which forced him off the highway, that therefore Lazutzke wilfully and falsely misrepresented the facts to his insurance carrier, and that therefore the court should answer the second question "Yes," notwithstanding the fact that the jury had failed to answer this question. Clearly the question as to whether the insured failed to co-operate with his insurance carrier within the meaning of the provisions of the insurance policy was for the jury to determine. This issue was properly presented by the second question of the special verdict; the jury having failed to answer it, renders the verdict incomplete and necessitates a new trial upon that issue.

What is here said with reference to the second question of the verdict is applicable to the third question. Both ques-

tions make inquiry as to whether Labutzke wilfully and falsely represented a material fact to the insurance carrier.

Contentions are made that the court erred in the acceptance and rejection of certain evidence. Since there must be a new trial of the issue as to which such evidence relates, we deem it advisable to discuss these alleged errors. The plaintiff called as a witness, Ashley Wiegand, and offered to show by him that on the night of the accident, approximately an hour and a half after it occurred, that the deceased, Victor Hoffman, stated to him that the accident was caused by an approaching automobile which crowded the automobile in which he was riding off the highway, to which offer Mr. Eberlein, of counsel for the insurance carrier, made the following objections:

"I object to that for the following reasons: First, it is an admission made by the injured person in this case within seventy-two hours from the time of the accident; secondly, it is not an admission offered against interest; and, third, in any event it would be a self-serving declaration, and it is incompetent, irrelevant and immaterial."

The court sustained the objection. Counsel's first objection was made evidently upon the theory that the statements having been made by Victor Hoffman within seventy-two hours of the time of the injury, same was barred under sec. 325.28, Stats., which section provides:

"In actions for damages caused by personal injury, no statement made or writing signed by the injured person within seventy-two hours of the time the injury happened or accident occurred, shall be received in evidence unless such evidence would be admissible as part of the *res gestæ*."

Wiegand, so far as the record discloses, had no personal or official interest in the prosecution or defense of any case which might arise out of the accident. In *Buckland v. Chicago, St. P., M. & O. R. Co.* 160 Wis. 484, 486, 152

N. W. 289, the court had occasion to interpret and apply sec. 4079*m* of the statutes, now sec. 325.28. There the court said:

"However, we think the statute was intended to apply to and cover statements procured for the purpose of being used as evidence against the injured party in any action he might thereafter bring; in other words, statements procured for purposes of defense."

Again in *Zastrow v. Schaumburger,* 210 Wis. 116, 125, 245 N. W. 202, referring to the scope and purpose of sec. 325.28, Stats., the court said:

"It is quite obvious that the statute [sec. 325.28] was particularly directed to the evils involved in the unfair practice of procuring statements, whether signed or unsigned, from an injured person after the accident happened or the injury occurred, for use in defending a suit which might thereafter be brought by the injured person against the person or corporation alleged to be liable. It was no doubt the thought of the legislature that it was unfair to procure statements from an injured person so shortly after his injury, when his physical and mental condition might be such as to prevent him from properly safeguarding his rights." To the same effect see *Kirsch v. Pomisal,* 236 Wis. 264, 294 N. W. 865.

Wiegand testified that he and his wife called at the hospital, that he talked with Victor Hoffman about an hour and a half after the accident occurred, and that at that time, Hoffman's mind was perfectly normal. This testimony was not barred by sec. 325.28, Stats. Counsel's second objection, that it was not an admission offered against interest, is not well taken. Hoffman's statement that the accident had been caused by an approaching automobile which crowded the automobile in which he was riding off the highway, would tend to exonerate Labutzke from negligence, it would be an admission against Hoffman's interest in any action which he

might bring against Labutzke and his insurance carrier, or either of them. The third objection, that it would be a self-serving declaration, is without merit. We fail to see how it could possibly be a self-serving declaration in Hoffman's favor. The testimony offered should have been received.

*By the Court.*—The order and that part of the judgment appealed from are reversed, and cause remanded with directions that an order be entered granting a new trial only on the issue as to whether or not the defendant Labutzke failed to co-operate with his insurance carrier, the Western Casualty & Surety Company of Fort Scott, Kansas, within the meaning and terms of the insurance policy.