Musha, by Guardian *ad litem,* and another, Appellants, v. United States Fidelity & Guaranty Company and another, Respondents.

*March 10—April 5, 1960.*

For the appellants there was a brief by *Charles M. Hanratty, James J. Caldwell,* and *Albert R. Tadych,* and oral argument by *Mr. Hanratty* and *Mr. Gary E. Moore,* guardian *ad litem,* all of Milwaukee.

For the respondents there was a brief by *Bendinger, Hayes & Kluwin,* and oral argument by *Bernard J. Hankin,* all of Milwaukee.

HALLOWS, J.   This appeal presents the following questions: 1. Did the trial court err in receiving testimony of a police officer concerning a conversation with the minor plaintiff shortly after he was taken to the hospital? 2. Did the trial court commit prejudicial error in admitting into evidence a written statement of the minor plaintiff taken by an investigator for the defendant insurance company? 3. Did the trial court abuse its discretion in permitting repetitious cross-examination of witness Olson? 4. Did the trial court commit error in refusing to allow the counsel for the plaintiffs to continue cross-examination of the defendant, Balfanz, as to lookout? 5. Was it error for the trial court to allow the defendants to amend their answer after all the testimony was in to allege contributory negligence of the minor as to lookout?

## 1. *Statement of Minor Plaintiff to the Police Officer.*

The statement of James concerning the facts of the accident was made to witness, Polikowski, shortly after the minor plaintiff was taken to the hospital. The statement was not offered as part of the *res gestae,* which it was not, but was offered as an admission against interest. It was not inadmissible because of sec. 325.28, Stats., which provides:

> "STATEMENT OF THE INJURED, ADMISSIBILITY. In actions for damages caused by personal injury, no statement made or writing signed by the injured person within seventy-two hours of the time the injury happened or accident occurred, shall be received in evidence unless such evidence would be admissible as part of the *res gestae.*"

While this statement was made within seventy-two hours of the accident, it was not barred by sec. 325.28, Stats., because it was said to a police officer investigating the accident in line of duty who had no interest in the outcome of any lawsuit that might be commenced. *Hoffman v. Labutzke* (1941), 238 Wis. 164, 298 N. W. 583, and *Kirsch v. Pomisal* (1940), 236 Wis. 264, 294 N. W. 865. The *Hoffman Case* held that a statement made by the plaintiff about one and one-half hours after the accident to a disinterested person was not barred by sec. 325.28. The *Kirsch Case* held that statements made by the plaintiff at the scene of the accident about forty-five minutes after its occurrence to a traffic officer who was making an investigation thereof in the line of his duty were not barred by this statute.

In reviewing the legislative history of this statute the court said in *Zastrow v. Schaumburger* (1932), 210 Wis. 116, 245 N. W. 202, that the statute was directed particularly to the evils involved in the unfair practice of procuring statements from injured persons for use in defending a suit which might thereafter be brought by such in-

jured persons, and because it was unfair to admit in evidence such statements from an injured person so shortly after his injury when his physical and mental condition might prevent him from properly safeguarding his rights. See also *Buckland v. Chicago, St. P., M. & O. R. Co.* (1915), 160 Wis. 484, 152 N. W. 289, interpreting sec. 4079*m*, Stats., which was amended in 1927 as sec. 325.28, with no material difference, and the *Kirsch Case, supra.* The plaintiffs argue that the *Hoffman* and *Kirsch Cases, supra,* are not applicable because the physical and mental condition of the injured persons was such that they could intelligently relate the facts and safeguard their rights. They point out that here the minor was thirteen years old, in the hospital suffering from severe injuries, was under a heavy narcotic sedation, and testified at the trial that he did not remember seeing or talking to any police officer in the hospital. The officer testified that he observed nothing to indicate the minor was not competent to talk about the accident, and the minor made intelligent answers to the questions. No evidence was introduced that the injuries were such that the minor could not intelligently relate the facts of the accident except that he did not remember the conversation. The hospital record shows that the minor plaintiff was given one grain of codeine, but it does not appear when the drug was administered. There is no proof that the drug was administered prior to the time the minor gave the statement. If it had been shown conclusively that the injuries received by the minor plaintiff or the drug that was administered to him prior to the giving of the statement had such an effect on the minor that he could not intelligently answer the questions and protect his rights, then such statement would not be admissible no matter to whom it was made. The circumstances surround-

ing the taking of the statement in this case did not render it inadmissible.

## 2. *Statement to the Insurance Investigator.*

On September 9th, some weeks after the accident, the investigator for the defendant insurance company took a statement from the minor plaintiff in the presence of his father. In this statement the minor said he was making a left turn at the time of the accident. At the trial on cross-examination, the minor plaintiff admitted his signature on the statement and testified he guessed the statement was true at the time he made it. He also denied that he told the investigator he intended to make a left turn, and testified he did not read the statement before signing it and when he signed the statement he thought it was true but it was not. There was also testimony the plaintiffs thought the statement had to do with hospital records. No copy of the statement was left with them. The plaintiffs contend that the unsworn statement taken down by an insurance investigator cannot be used against them when its truthfulness is denied, without first proving its correctness by the testimony of the person who took the statement. The defendants contend that because the minor plaintiff admitted the truthfulness of the statement and that he signed it, it was admissible as an admission against interest.

The statement was admissible. The minor admitted and also denied the truth of the statement, but in such a situation the trial court can rely on the testimony that the statement was true for the purpose of admitting the statement in evidence as an admission. The inconsistency in the witness' testimony concerning the statement goes to credibility, not admissibility. No foundation need be laid for proof of an admission of a party against his own interest.

*Klein v. Beeten* (1919), 169 Wis. 385, 172 N. W. 736; *Hunter v. Gibbs* (1891), 79 Wis. 70, 48 N. W. 257; *Wisconsin Planing Mill Co. v. Schuda* (1888), 72 Wis. 277, 39 N. W. 558. In *Steffes v. Farmers Mut. Automobile Ins. Co.* (1959), 7 Wis. (2d) 321, 96 N. W. (2d) 501, this court stated in answer to the contention of the plaintiff's attorneys that an unsworn statement was confined to impeachment purposes and should have been used on cross-examination, that the statement amounted to an admission against interest, and therefore constituted substantive evidence in itself and was admissible as part of the defendant's case. The principles applying to admissibility of admissions against interest are well stated in 1 Jones, Evidence, Civil Cases (4th ed.), p. 556, sec. 296. It is there pointed out that admissions are not rejected in evidence because the declarant may have had no personal knowledge of the facts admitted, or because he was intoxicated, or because the statements had been drawn out by false suggestions or given legal compulsion to irrelevant questions. The attending circumstances affected the weight to be given to the admission, not the question of competency. If the party's admission is inconsistent with his testimony, such fact goes merely to the credibility of the witness.

The plaintiffs rely on *Walker v. Shea-Matson Trucking Co.* (1951), 344 Ill. App. 466, 101 N. E. (2d) 449; *Costello v. Hild* (1949), 152 Neb. 1, 40 N. W. (2d) 228; *Moore v. Krejci* (1941), 139 Neb. 562, 297 N. W. 913; *Seckinger v. Economy Laundry, Inc.* (1938), 133 Pa. Super. 414, 3 Atl. (2d) 46; and *Belskis v. Dering Coal Co.* (1910), 246 Ill. 62, 92 N. E. 575. These cases are distinguishable. In all of them the witness denied the truthfulness of the statement which was being used for impeachment. When the witness unequivocally denies that the statement accurately represents what he said, such signed statement is

inadmissible for impeachment until the person who transcribed or took down the statement or some other person having knowledge of the facts is sworn as a witness and testifies that the statement was a true account of what the declarant said. For the purpose of impeachment, such procedure is necessary in order to lay a proper foundation for the admission of such disputed statement.

### 3. *Cross-examination of Witness Olson.*

The extent of the cross-examination of a witness lies within the discretion of the trial court. *Earley v. Winn* (1906), 129 Wis. 291, 109 N. W. 633. The plaintiffs claim witness Olson was subjected to a most-grueling and repetitious cross-examination on collateral issues, and in one instance was asked the same question, or substantially the same question, 14 times. We have reviewed the record and do not find such to be the case. Olson proved to be a difficult witness. There were 14 instances in which the same subject matter was referred to, but the question was not specifically asked repetitiously. There were numerous references, 16 on one subject and 12 on another, but the same questions were not asked, and no objections were made. From reading the record, we do not get the impression that the cross-examination of Olson excited distrust of him in the minds of the jurors, or wrongfully discredited his testimony, or harassed him. Under the circumstances, we find no abuse in the discretion of the trial court.

### 4. *Limitation of Plaintiffs' Cross-examination of the Defendant on the Matter of Lookout.*

The plaintiffs argue they were limited in their cross-examination of defendant Balfanz which was prejudicial. The plaintiffs read the adverse examination of this defend-

ant into the record. Balfanz was cross-examined by again reading questions and answers pertaining to his lookout. He qualified one answer. When the question and answer given at the adverse examination were read to Balfanz for the third time, the objection was sustained. While it is true the cross-examination of a party need not be so strictly confined to matters inquired into upon his direct examination, as in a case of other witnesses, *Ward v. Thompson* (1911), 146 Wis. 376, 131 N. W. 1006, and *Schultz v. Chicago & N. W. R. Co.* (1887), 67 Wis. 616, 31 N. W. 321, counsel for the plaintiffs here were rereading the adverse examination for a third time and merely asking the witness whether he was asked the question and made the answer. The act of the trial court in limiting the cross-examination was not prejudicial because the jury found the defendant causally negligent as to lookout, which was all the plaintiffs were trying to prove by such cross-examination.

## 5. *Amending the Complaint.*

After all the testimony was taken, the defendants moved to amend their answer to allege that the minor plaintiff was negligent with respect to lookout. The plaintiffs claim they were surprised by this motion and did not have an opportunity to be heard before the trial court ruled on it. The record shows the trial court considered the motion as one conforming the pleading to the proof. The only objection made by the plaintiff at that time was that the amendment was not timely because the defendants had taken an adverse examination of the minor plaintiff. There was no claim of surprise made at the trial. Sec. 269.44, Stats., provides that a court may, at any stage of the action before or after judgment, in the furtherance of justice, amend the

pleading upon such terms as may be just. The plaintiffs did not ask for any terms or for an adjournment. The trial court was not in error in allowing the amendment. Furthermore, because the alleged error was not raised by the plaintiffs' motions after verdict, the question is not properly raised on this appeal. *Michalski v. Wagner* (1960), 9 Wis. (2d) 22, 100 N. W. (2d) 354; *Kincannon v. National Indemnity Co.* (1958), 5 Wis. (2d) 231, 92 N. W. (2d) 884; *Wells v. Dairyland Mut. Ins. Co.* (1957), 274 Wis. 505, 80 N. W. (2d) 380.

*By the Court.*—Judgment affirmed.