Keplin, Plaintiff and Appellant, v. Hardware Mutual Casualty Company and others, Defendants and Respondents: Heritage Mutual Insurance Company, Impleaded Defendant and Respondent.*

*April 3—June 30, 1964.*

* Motion for rehearing denied, without costs, on September 4, 1964, Heffernan, J., not participating.

320

324

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

For the appellants there were briefs and oral argument by *Eugene A. Bitters* of Ripon.

For the respondents there was a brief by *John P. Mc-Galloway, Sr.,* of Fond du Lac, and for the impleaded defendant, Heritage Mutual Insurance Company, by *Edward T. O'Neill* of Fond du Lac, and oral argument by *Mr. McGalloway* and *Mr. O'Neill.*

HALLOWS, J. The plaintiffs in their briefs raise a total of 44 questions although not all of them are individually argued. We do not propose to discuss all these assignments of error because many of them are duplicitous and may be combined under a broader statement of the issue; others are without merit and some are unsubstantiated by the facts or the facts relied upon are not pointed out to this court in such detail that the assigned error can be properly analyzed and discussed. The record is voluminous and it is not the duty of this court to sift and glean the record *in extenso* to find facts which will support an assignment of error.

It is contended by the plaintiffs that the removal of the cases from the Ripon municipal court and the consolidation of them with the Troudt cases in the circuit court at Fond du Lac and the resulting delay in scheduling the cases for trial violated plaintiffs' rights guaranteed by the Seventh and Fourteenth amendments of the United States constitution. Presumably the plaintiffs mean some other amendment than the Seventh as that amendment is clearly inapplicable. How-

ever, the thrust of the plaintiffs' argument is that the legislature provided a court of competent jurisdiction in Ripon to try the plaintiffs' cases and they have a right to that forum. The legislature in addition to providing a competent court in Ripon also provided by sec. 269.59, Stats., that a circuit court may upon notice order any civil action pending in any other court in the same county to be transferred to its court for consolidation for trial when such consolidation for trial would be proper if the actions were originally brought in the circuit court. The exercise of the power granted under this section is discretionary [1] and hence the question presented is whether the circuit court abused its discretion in ordering consolidation. The plaintiffs have pointed out no reason why it was an abuse of discretion for the circuit court to consolidate the cases in its court. These cases all arose out of the same automobile accident. The facts and proof in each case are practically identical. Only two drivers and a passenger are involved. These are not involved or unusual cases excepting for the unduplicable feat of Troudt's car landing on top of the Keplin car after hitting a telephone pole. The consolidation of these cases did not result in any deprivation of the plaintiffs' constitutional rights.

The plaintiffs further argue that the delay in the proceedings prior to the actual trial denied plaintiffs of their right to a speedy trial and gave in part as instances a delay of six days in entering an order of consolidation, several months in selecting a successor judge by Circuit Judge RUSSELL E. HANSON, delays of the successor Judge HELMUTH ARPS in hearing and granting defendants' successive applications for interpleaders and breaches of stipulations to take adverse examinations. We do not find in the record the plaintiff filed an affidavit of prejudice against Judge HANSON so as to

---

[1] *Reardon v. Terrien* (1934), 214 Wis. 267, 252 N. W. 691; *Schmidt v. Riess* (1925), 186 Wis. 574, 203 N. W. 362; *Whalen v. Eagle Lime Products Co.* (1913), 155 Wis. 26, 143 N. W. 689.

require the application of sec. 261.08 (1), Stats. This section requires upon the filing of an affidavit of prejudice that the chief justice of this court through the court administrator shall appoint a judge to hear the matter; in no event shall the circuit judge against whom an affidavit of prejudice has been filed appoint a successor judge.

It is true, there was a delay from May 14th until December 12th in 1962 before Judge ARPS was appointed, but we do not find any refusal of the circuit court to request an assignment of a successor judge or any repeated requests, nor does the record show Judge HANSON informed counsel for the plaintiff it was not necessary to file an affidavit of prejudice and that he would disqualify himself. This court cannot consider facts outside the record even though stated as such in the briefs. We find no cause for complaint by the plaintiffs of the time consumed in deciding and allowing the interpleaders and in reference to the depositions. It is probably true that this passage of time was frustrating to the plaintiffs but the delay cannot be said to be entirely without their counsel's fault.

The participation of Heritage Mutual Insurance Company in the case is challenged as being improper. Troudt sued the Heritage Mutual to determine a question of coverage on a policy on his own car which was not involved in the accident. The issue was whether Heritage was liable under that policy in the event Troudt was liable to the Keplins. It is argued that after a discovery examination it was apparent that Heritage Mutual Insurance Company was not liable under the terms of its policy regardless of Troudt's liability to the Keplins. After the trial it was stipulated by the various defendants that the Heritage Mutual had no coverage on the vehicle operated by Troudt at the time of the accident and the complaints and cross complaints against Heritage Mutual should be dismissed.

We do not see how the issue of coverage between two defendants in any manner adversely affected the plaintiffs' recovery against the defendants. It is not the rule that cases can only be consolidated when they involve identical issues between identical parties as claimed by the plaintiffs. All the issues in consolidated cases for trial need not be between the same parties. However, if such issues are too diverse so as to be confusing to the case as a whole or the presence of an issue would prejudice a party not involved, the cases should not be consolidated. The issue of coverage was not a ground for refusing to consolidate the cases and consequently not error to allow the parties to remain in the trial until that issue was determined.

The plaintiff complains the conduct, mannerisms, intonations, and remarks of the trial judge created an appearance of bias against the plaintiffs to the point that a fair trial was not had. It is true the trial judge may unintentionally deprive a party of a fair trial by the manner of conducting a case. *Swonger v. Celentano* (1962), 17 Wis. (2d) 303, 116 N. W. (2d) 117. The plaintiffs consider that criticism of their counsel, objections to inadmissibility of evidence, the rejection of requested manner of proceeding, conveyed the idea to the jury the plaintiffs' claim was fantastic and the requested procedure was novel. Plaintiff's counsel seems supersensitive and unduly critical.

We do not consider these complaints to be justified by the record, nor do we consider it error for the trial court to refuse to give general preliminary instructions to the jury prior to the admission of evidence. Recently, the bench and bar have discussed the proposal of trial courts giving general instructions to the jury at the opening of trial at least to the extent of advising the jury of its role and function in the trial. As yet no statute or rule of court requires instructions to be so given and it is not error for failing to do so even though

we might agree the procedure had merit. We have examined the pages of the record cited as illustrative of impatience and boredom by the court with the plaintiffs' evidence and fail to find any such impatience or boredom, much less error. While a trial judge should conduct a trial free from prejudicial error, there is no requirement he enjoy it.

Complaint is made the testimony of Officer Sauer concerning statements made to him by the plaintiff within seventy-two hours of the accident were inadmissible under sec. 325.28 (1), Stats. Such statements made to a law officer in the ordinary course of his duties of investigating an accident and who had no interest in the outcome of any lawsuit have been held to be admissible. *Musha v. United States Fidelity & Guaranty Co.* (1960), 10 Wis. (2d) 176, 102 N. W. (2d) 243; *Hoffman v. Labutzke* (1941), 238 Wis. 164, 298 N. W. 583; *Kirsch v. Pomisal* (1940), 236 Wis. 264, 294 N. W. 865. It is quite true, plaintiffs' counsel had a right to have Exhibits 43, 47, and 46 properly identified as to position of the camera, distance from the object photographed, and direction in which the camera was pointed, but such rule did not affect the admissibility of the exhibits. Such information concerning the exhibits was required by the rules of practice of this court on appeal. Sec. 251.251 (10), Stats. 1961. We fail to see how the disposition of this matter by the court amounts to reversible error. We point out, however, a new rule on identification of photographs was created, effective September 1, 1963, and now requires such information at the time of the receipt of the exhibits in evidence unless such information is deemed to be impracticable by the trial judge. Sec. (Rule) 270.202.

Various objections are made that intonations, expressions of surprise and disbelief on the part of the trial judge to what were normal trial procedures by the plaintiffs reflected his bias and prevented the plaintiffs from having a fair trial.

We cannot agree with the interpretations placed upon the trial court's conduct by the plaintiffs. We have read the record of the incidents cited, and cannot find in the remarks of the trial judge anything unusual or not normal. The argument the trial judge's mannerisms, intonations, and remarks affected the result of the case is baseless in the record.

The instructions given to the jury are claimed by the plaintiffs to be couched in prejudicial terms and to give undue prominence to the defendant's contention. We do not find the instructions merit the criticism of the plaintiffs. The instructions were in most respects general, standard, and accepted instructions and were properly applied to the facts.

The last contention made in Case No. 281 is that certain costs taxed by the plaintiff should not have been limited and others reduced by allocating part to Case No. 282. On review the trial court decided the costs for plats, court commissioner's fees, witness fees, and stenographic transcript should be divided between these two cases and only half of them allowed in Case No. 281. We agree the trial court could eliminate the cost of a certified copy of the charge to the jury and one half of the expense of those items used in common by plaintiffs. Under the plaintiffs' theory these expenses could be recovered in full in both cases if the plaintiffs were successful or be taxed in full in the successful case if the other case failed. Items of cost are controlled by the statute, but the trial court may allocate the reasonable costs between several cases tried together to avoid duplication.

On oral argument and in the brief in Case No. 282 the plaintiffs stressed the alleged error of restricting the number of peremptory challenges they had at the trial. As plaintiffs they were restricted to three peremptory challenges which they had to share. It is quite true that if the two cases were tried separately, each of the plaintiffs would have had three

peremptory challenges. However, several plaintiffs in one action are considered one party and unless there .exists no adverse interest, the same rule applies to defendants. Sec. 270.18, Stats. Although there is a distinction between two cases being consolidated into one action and being consolidated for trial, we think in the absence of adverse interest the plaintiffs in the several cases consolidated for trial may be treated as one party. Here, the plaintiffs, as driver and guest respectively, sued the other driver. True, in Case No. 281, the guest case, William Keplin was a defendant but in that capacity he was represented by different counsel and received peremptory challenges as a defendant.

The plaintiffs contend it was error for the trial court not to admit the Keplin car in evidence. The respondents treat this alleged error as one of viewing the car. The car itself was offered in evidence and the question is not governed by sec. 270.20, Stats., relating to a view of the premises or property relating to the controversy. Under this section the court may allow a view if necessary to a just decision. A view is for the better understanding of the testimony and is not in itself evidence. Here, the admissibility of evidence was at issue and the trial court was in error in not admitting the car in evidence. It had been preserved in the state it was at the time of the accident and under the decision of *Thompson v. Princeton* (1956), 272 Wis. 589, 76 N. W. (2d) 273, it should have been admitted. Although the auto was not physically in the courtroom, that fact is immaterial where the evidence is movable and is available at or near the situs of the trial so that it may be inspected. We realize this holding raises custodial problems but the trial court has ample power to require the party offering such evidence to withdraw it and keep it intact and safe at his own expense and subject to the further order of the court so that the same may be available on appeal if required. When the exhibit is with··

drawn, the court should require some suitable substitute, *i.e.,* in this case, photographs of the car.

However, since there were at least eight photographs of the car in evidence, we cannot find this error was prejudicial. On this appeal we allowed the plaintiffs to bring this offered evidence to Madison where it was viewed by the court at the time of oral argument. The purpose of offering the car in evidence was to prove that after the defendant's car hit the telephone pole it bounded on top of the plaintiff's car and did not hit or ram the rear end of the plaintiff's car, the bumper in that area being undamaged. From this fact the plaintiffs contend the defendant's car must have hit the telephone pole at a terrific speed. The nature, scope, and type of damage to the plaintiff's car are accurately shown by the photographs and since the jury found the defendant negligent, we cannot hold the error in not admitting the car in evidence was prejudicial. If the plaintiffs also requested a view of the car under sec. 270.20, Stats., as contended by the defendants, it follows that such refusal was not prejudicial error for the same reasons.

The plaintiffs offered testimony of an expert, one Vik, concerning the physical facts and particularly the tests which he had made of the braking ability and stopping distance in relation to the accident. This testimony was rejected on the grounds the car used in the tests was different from the one driven by the defendant, and the tires, the braking apparatus and its working conditions, were not testified to as being similar to those on the defendant's car. Consequently the tests were not based upon comparative facts. Without specific reference to the record, it is claimed by the plaintiffs the court would not permit the expert to interpret speed charts to established reaction distance and to testify as to where the defendant's stopping action began. The plaintiffs had hoped to prove by this expert and so argued on appeal that

the defendant was traveling at least 75 m. p. h. and possibly 100 m. p. h. and such excessive speed was the sole causal negligence of the accident. We agree the results of the tests performed by Vik were not properly admissible in evidence. As to the other rejected testimony of this witness the plaintiffs' objections on appeal are too general and sweeping to be considered by this court. No specific questions, objections, and rulings thereon are pointed out for this court to review and this court will not search the voluminous record for them.

The actual speed of the defendant is not in evidence, but the plaintiffs argue from the physical facts it was excessive. True, negligence as to speed may be reasonably inferred from physical facts. *Rodenkirch v. Johnson* (1960), 9 Wis. (2d) 245, 101 N. W. (2d) 83. And although such physical facts may not determine the exact rate of speed, they may under some circumstances characterize or give sufficient relative definiteness to the speed as will support an allocation of comparative negligence. To the same purpose, a table of average stopping distances may be admissible in evidence. See *Mainz v. Lund* (1963), 18 Wis. (2d) 633, 119 N. W. (2d) 334, and *Baker v. Herman Mut. Ins. Co.* (1962), 17 Wis. (2d) 597, 117 N. W. (2d) 725.

However, counsel argues the finding of the jury in assessing only 35 percent of the causal negligence to the defendant cannot be supported and contends the speed of Troudt's automobile was so excessive and so far beyond the 45 m. p. h. posted speed that it alone was causal. It is stressed the defendant and another salesman had spent part of the afternoon at a tavern in Princeton and that shortly before the accident the defendant picked up his car at the Arcade parking lot a short distance west of the scene of the accident and started toward Ripon. Shortly thereafter and before the accident the defendant passed his friend on the highway. From the distances and computations of time, it is argued the defendant's

speed at the time of the accident was at least 75 m. p. h. and probably close to 100 m. p. h.

While it is no doubt true speed is the biggest single factor in accidents because of its effect and relation to lookout, management and control, and other elements which bear upon the causation or elimination of accidents, there is no principle of law that excessive speed even of 75 or 100 m. p. h. is necessarily or as a matter of law the sole cause of an accident. The issue of the defendant's negligence was submitted to the jury and it concluded the backing out of a driveway by a man seventy-five years of age onto an arterial highway when he sees oncoming traffic was 60 percent negligent as against 35 percent negligence of the oncoming car. What another jury might do with the same facts is not the test if there is any credible evidence supporting the finding as made. We believe there is and the trial court was not in error in allowing the verdict to stand.

After the verdict the trial judge notified the parties he would come to Fond du Lac on a certain date and hear motions after verdict. At that time no notice of motion had been served by any of the parties. Notices of motion were then served by the defendants upon counsel for the plaintiffs. On an appointed day, counsel for the plaintiffs appeared specially, claiming no adequate notice had been given him and because of other work was unable to prepare his motions. The court suggested plaintiffs' counsel argue whatever motions he wished to make and submit them in writing later. Counsel refused to argue but thereafter did file motions after verdict. It is true the full-time limit for motions was not given to plaintiffs' counsel because the date of the hearing on motions was set by a judge not living in Fond du Lac. This is frequently done by out-of-town judges. The inclination of counsel for the plaintiffs not to co-operate is obvious.

Presumably the judge thought motions had been filed when, in fact, no such motions had been made. The trial

court cannot be blamed for setting a date for hearing motions after verdict when normally such motions would have been made. The plaintiffs were not prejudiced by the lack of the full time allowed for such motions by sec. 269.31, Stats. The special appearance of counsel was an idle act. The shortness of the time in the notice was not jurisdictional. Neither did secs. 269.31 and 990.001 (4), Stats., have any application. Such objections as existed at the time of argument of the motions after verdict were waived by the plaintiffs when counsel submitted to the court the written motions, one of which was granted.

In Case No. 282, the plaintiffs argue that eight different instructions requested were refused by the trial judge. These instructions had to do with physical facts, causation, the right to assume rules of the road would be obeyed, the conduct of attorneys and judge, speed, and other matters. These matters were all substantially covered by the trial judge in the instructions given but it is complained they give undue prominence to the contentions of the defendants. Some of the plaintiffs' requested instructions were erroneous and as to the others, the trial court is not required to accept the exact language of a requested instruction. The instructions given by the court were proper.

We have extended this opinion to a greater length than the contentions merit. We do this so counsel for the plaintiffs will realize we have considered all the objections he has raised although many have not been discussed. We point out the plaintiffs' briefs have been framed in the language of an exposé of the manner in which the judicial business of the trial court was conducted. Under the heading, "Nature of Action" in the plaintiffs' brief in Case No. 281, it is stated, "The appeal attempts to bring before the Wisconsin Supreme Court a record of the step by step rulings of the presiding judiciary from commencement of an action, through pre-trial procedure, through trial of the litigation, through post-

trial procedure prior to judgment and procedure from judgment until transmittal of the record to this court. The appeal seeks review by this court of all oral rulings; all decisions, and all orders which were prejudicial to the plaintiff during all of the various stages of the proceedings." We do not doubt counsel's sincerity but we do his judgment and cannot approve the approach or the many remarks and accusations made in the brief concerning the trial judges who were involved.

From the very start of this lawsuit and apparently thereafter every step in which counsel was unsuccessful is alleged as a cause for complaint and error, real or imaginative. As soon as Judge HANSON ordered a consolidation of the case, his presence in the case was objected to. Judge ARPS was substituted until Judge PARNELL was appointed to preside at the trial. Apparently none of these experienced and highly respected trial judges proved satisfactory to plaintiffs' counsel.

We believe counsel has made remarks and statements which on sober reflection he should regret having made and will eventually realize that sometimes one is out of step with the army instead of the army being out of step with him.

*By the Court.*—Judgments affirmed.

The following memorandum was filed September 4, 1964:

PER CURIAM (*on motion for rehearing*). The court is satisfied that the motion for rehearing should be denied. However, there is a statement appearing in the court's opinion which merits explanation. Regarding the filing of an affidavit of prejudice against Judge RUSSELL E. HANSON, the opinion states, at page 325:

"We do not find in the record the plaintiff filed an affidavit of prejudice against Judge HANSON so as to require the application of sec. 261.08 (1), Stats."

We recognize that an affidavit of prejudice was in fact filed against Judge HANSON. The foregoing statement in context with subsequent comments found in the opinion was intended to point out that the affidavit was filed after Judge HANSON had already disqualified himself. Standing alone, however, the statement above quoted may be understood to suggest that no affidavit was filed; we now expressly disavow the latter meaning.

The motion for rehearing is denied, without costs.