COURT OF APPEALS
DECISION
DATED AND FILED

February 16, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP1470**

STATE OF WISCONSIN

Cir. Ct. No. **2021SC1653**

IN COURT OF APPEALS
DISTRICT II

TIMOTHY L. HOELLER,

PLAINTIFF-APPELLANT,

V.

CATHERINE JORGENS,

DEFENDANT-RESPONDENT.

APPEAL from an order of the circuit court for Waukesha County: MICHAEL O. BOHREN, Judge. Affirmed.

¶1 NEUBAUER, J.[1] Timothy L. Hoeller appeals a circuit court order dismissing his small claims action against Catherine Jorgens, General Counsel of

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

Carroll University. To summarize, Hoeller seems to argue that "this cause is not frivolous" and, as a result, the court erred in dismissing it. We affirm.

¶2     Hoeller filed a small claims complaint in Waukesha County Circuit Court alleging that Jorgens was liable for damages for "failure to act," seemingly referring to negligence, and "acting after an unreasonable delay," which he also referred to as "laches." To support these claims, Hoeller alleged that Jorgens was liable to him under the theories of negligence and laches by providing a report summarizing student evaluations of Hoeller's teaching at Carroll University to the Wisconsin Equal Rights Division ("ERD") during the course of an ERD investigation of Hoeller's dismissal from the university. Jorgens moved to dismiss the complaint for violating a circuit court order that prohibited Hoeller from filing documents with the Waukesha County Circuit Court[2] and failing to state a claim. On July 23, 2021, the circuit court dismissed the action without prejudice, finding that it was a continuation of an earlier case that had been dismissed and was pending on appeal, and that the filing of the complaint violated the court order prohibiting filings pending appeal.

¶3     We first observe that Hoeller's principal brief on appeal, which is fifty-two pages long, lacks citation to the record. Such failure is a clear violation of WIS. STAT. RULE 809.19(1)(d) of the rules of appellate procedure, which

---

[2] The Hon. William J. Domina entered the order prohibiting Hoeller from filing additional documents with the circuit court in that earlier case, Waukesha County Case No. 19CV995, while Hoeller's appeal of that dismissal was pending before this court. This court subsequently issued a decision summarily affirming the circuit court's dismissal of that action. *Hoeller v. Carroll University*, No. 2020AP227, unpublished op. and order (WI App Nov. 24, 2021). Hoeller has filed a petition for review with our supreme court in that matter, which is currently pending.

The Hon. Michael O. Bohren filed the dismissal order at issue in this appeal.

requires the appellant to set out facts "relevant to the issues presented for review, with appropriate references to the record." We have held that where a party fails to comply with the rule requiring adequate record cites, "this court will refuse to consider such an argument ...." *See Tam v. Luk*, 154 Wis. 2d 282, 291 n.5, 453 N.W.2d 158 (Ct. App. 1990) (citation omitted). As such, we are not required, nor are we even in a position, to review the facts that are relevant to Hoeller's arguments, because none of them contain appropriate record references. *See Keplin v. Hardware Mut. Cas. Co.,* 24 Wis. 2d 319, 324, 129 N.W.2d 321 (1964) (this court is not required to sift through the record for facts); *Meyer v. Fronimades,* 2 Wis. 2d 89, 93-94, 86 N.W.2d 25 (1957) (an appellate court is improperly burdened where briefs fail to consistently and accurately cite to the record).

¶4 In addition to Hoeller's failure to accurately cite to the record, his briefing also fails to sufficiently develop discussion as to the circuit court's rationale for dismissing Hoeller's complaint. Thus, it is difficult to determine what Hoeller purports to be arguing in this appeal and whether he is actually challenging the circuit court's dismissal in No. 19CV995 or the one currently before this court. A party's "[f]ailure to address the grounds on which the circuit court ruled constitutes a concession of the ruling's validity." *Sands v. Menard*, 2016 WI App 76, ¶52, 372 Wis. 2d 126, 887 N.W.2d 94, *aff'd*, 2017 WI 110, 379 Wis. 2d 1, 904 N.W.2d 789; *accord West Capitol, Inc. v. Village of Sister Bay*, 2014 WI App 52, ¶49, 354 Wis. 2d 130, 848 N.W.2d 875.

¶5 As explained above, Hoeller's brief is in violation of the rules of appellate procedure in that it fails to provide adequate citations to the record, and

3

fails to sufficiently develop arguments as to why the circuit court's basis for the dismissal was erroneous.[3]

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[3] On February 4, 2022, Hoeller filed an "Interim Motion for Reconsideration" with this court, which we hereby deny.