Lynette HARRIS, Plaintiff-Appellant,†

v.

Stanley KRITZIK, Defendant-Respondent.

Court of Appeals

*No. 91-0705. Submitted on briefs October 1, 1991.—Decided January 7, 1992.*

(Also reported in 480 N.W.2d 514.)

† Petition to review granted.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Robert E. Sutton* of *Sutton & Kelly* of Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the briefs of *Thomas L. Smallwood* and *Steven T. Botzau* of *Borgelt, Powell, Peterson & Frauen, S.C.* of Milwaukee.

Before Moser, P.J., Sullivan and Fine, JJ.

SULLIVAN, J. Lynette Harris appeals from a judgment dismissing her complaint for compensatory and punitive damages arising from Stanley Kritzik's alleged wrongful interference with her expected inheritance from David Kritzik, Stanley's father (the "decedent"). The circuit court order underlying the judgment granted Stanley's motion to dismiss the complaint because it was filed after the applicable two-year statute of limitations had run and because the complaint failed to state a claim for which relief can be granted. We affirm on the basis that the alleged facts do not support a claim for wrongful interference with an expected inheritance.

## FACTS

Harris' complaint alleges that she and the decedent, between December 1980 and June 1987, enjoyed a continuous, non-marital relationship in which she provided the decedent with "all of the services and companionship of a wife," that he treated her as such, and "on a number of occasions propos[ed] marriage to [Harris]." Harris alleges that as a consequence of their relationship, she refrained from other romantic relationships and ceased her pursuit of a career as a model and motion picture actress. Harris alleges that in consideration for her com-

panionship, her role as a wife, and the forbearance of her career pursuits, the decedent repeatedly represented and promised that "[Harris] would receive $5,000,000 from his estate at the time of his death."

Harris' complaint further alleges that commencing June 1987, Stanley embarked upon a course of action that ultimately caused her separation from the decedent. Stanley's conduct included monitoring and restricting her and the decedent's activities so as to prevent interaction. Stanley also allegedly defamed Harris to his father by calling her a prostitute and stating that she was afflicted with a venereal disease. Stanley also allegedly told his father that Harris stole from him and engaged in other unlawful conduct. This activity, the complaint alleges, was calculated to persuade and influence the decedent to leave Harris nothing in his will. Harris concludes that Stanley's cumulative acts constituted a wrongful and malicious interference with her expected inheritance.

David Kritzik died testate on June 1, 1989 and did not mention Harris in his will. Harris filed her complaint on September 5, 1990.[1] Harris' complaint alleges a

[1]The present action is one of several actions filed by Harris in state and federal court in an attempt to recover monetary damages for an alleged interference of her expected inheritance. The court of appeals in *Harris v. Estate of Kritzik,* No. 90-2625, unpublished slip. op. (Wis. Ct. App. June 19, 1991) affirmed the circuit court's judgment granting the estate's motion to dismiss for failure to state a claim. In that action, Harris alleged that Stanley Kritzik had wrongfully interfered with Harris' reasonably expected legacy and rightful inheritance from David Kritzik's estate. *See also Harris v. Kritzik,* No. 89-C-740, E.D. Wisc., commenced July 21, 1989 (action filed by Harris against Stanley Kritzik for claims of defamation and intentional infliction of emotional distress).

single cause of action based on Stanley's intentional and malicious conduct which interfered with a promised legacy and inheritance from the decedent. Stanley's answer denied the material allegations of the complaint and set forth several affirmative defenses, including a statute of limitations defense and an assertion that the complaint failed to state a claim upon which relief may be granted. Section 802.06(2)(f), Stats. The circuit court heard arguments on Stanley's motion to dismiss. The court ruled that the statute of limitations had run, or in the alternative, that there is no recognized cause of action in Wisconsin for wrongful interference with an expected inheritance.[2]

## STATUTE OF LIMITATIONS

■

Since the matter of the statute of limitations raised by Stanley in the circuit court and on appeal may be dispositive of Harris' claim, we look to the undisputed facts of the complaint to determine whether, as a matter of law, Harris commenced the action after the statute of limitations expired. *Borello v. U.S. Oil Co.*, 130 Wis. 2d 397, 404, 388 N.W.2d 140, 143 (1986). An appellate court is not bound by a circuit court's conclusions of law when the facts are undisputed and decides the matter *de novo.*

---

[2]The circuit court concluded:

It is not the job of the trial court to create causes of action or to expand the law. I think that's either the job of the legislature or the appellate courts; and consequently, I am left in fulfilling my function here in finding that there is no such cause of action. . . . [F]or those reasons I am left with the task of finding that the pleadings as they now state either have expired by way of the statute of limitations or there is no cause of action; and I will grant the defendant's motion to dismiss.

*See First Nat'l Leasing Corp. v. City of Madison,* 81 Wis. 2d 205, 208, 260 N.W.2d 251, 253 (1977).

The complaint states that Stanley's intentional and malicious interference with Harris' claimed right of expected inheritance started in June of 1987. However, the record does not reflect when this conduct ceased, nor does it reflect when Harris discovered or should have discovered the contents of the decedent's will.[3] Since Stanley's argument that Harris' complaint falls outside the two-year statute of limitations[4] is undeveloped, *In re Balkus,* 128 Wis. 2d 246, 255 n.5, 381 N.W.2d 593, 598 n.5 (Ct. App. 1985), and unsubstantiated by references to the record, we need not address it. *Keplin v. Hardware Mut. Casualty Co.,* 24 Wis. 2d 319, 324, 129 N.W.2d 321, 323 (1964), *reh'g denied,* 24 Wis. 2d 319, 130 N.W.2d 3 (1964).

## INHERITANCE INTERFERENCE

The circuit court granted Stanley's motion to dismiss Harris' claim for failure to state a claim upon which relief can be granted. Section 802.06(2)(f), Stats. "The purpose of a motion to dismiss for failure to state a claim is to test the sufficiency of the complaint." *Evans v. Cameron,* 121 Wis. 2d 421, 426, 360 N.W.2d 25, 28 (1985). When judging the complaint, the facts pleaded

---

[3]Under the discovery rule adopted in *Borello,* a cause of action does not accrue until the plaintiff discovers or should have discovered his or her injury. *Borello,* 130 Wis. 2d at 406–07, 388 N.W.2d at 144.

[4]Section 893.57, Stats. (intentional torts), the applicable limitations statute in this case, states that an action "shall be commenced within 2 years after the cause of action accrues or be barred."

are deemed to be true. *Id.* Moreover, in light of the policy of liberal construction of the pleadings, "a claim will be dismissed only if 'it is quite clear that under no conditions can the plaintiff recover.' " *Id.* (citation omitted).

Harris alleges in her complaint that Stanley interfered with her inheritance. The elements of this cause of action have never before been defined in Wisconsin. We adopt Restatement (Second) of Torts, sec. 774B (1977), relied upon in *Anderson v. McBurney,* 160 Wis. 2d 866, 875, 467 N.W.2d 158, 161 (Ct. App. 1991), *review denied.* This restatement, entitled Intentional Interference with Inheritance or Gift, provides:

> One who by fraud, duress or other tortious means intentionally prevents another from receiving from a third person an inheritance or gift that he would otherwise have received is subject to liability to the other for loss of the inheritance or gift.

The elements of a cause of action for intentional interference of an expected inheritance are: (1) an existence of the plaintiff's expectancy; (2) that the defendant intentionally interfered with that expectancy; (3) that the conduct of the defendant, in and of itself, is tortious—e.g., fraud, defamation, bad faith, or undue influence;[5] (4) that there exists a reasonable certainty that the testator would have left a particular legacy had he or she not been persuaded by the defendant's tortious conduct;[6] and (5) existence of damages. *See, e.g., Nemeth v.*

---

[5]W. Prosser, *The Law of Torts,* sec. 130, at 1009 (5th ed. 1984).

[6]Restatement (Second) of Torts, sec. 774B, cmt. d, at 59 (1979) states:

> If there is reasonable certainty established by proof of a high degree of probability that the testator would have made a particular legacy

*Banhalmi,* 425 N.E.2d 1187, 1191 (Ill. App. Ct. 1981). Without an examination of the facts as they relate to the first three elements, we focus on the dispositive element—the existence of a reasonable certainty of a particular legacy.

The complaint, according it the liberal construction to which it is entitled, alleges a verbal agreement between the decedent and Harris whereby Harris would confer connubial favors upon the decedent in exchange for his promise to leave her $5,000,000 in his will. The relationship between the parties, and more particularly the consideration for the decedent's promise, was contractual sex. Although the complaint does not specifically allege this, we can draw no other reasonable inference from the words "services and companionship of a wife" in the context of the facts alleged within the complaint and Harris' contention that the verbal agreement existed. Moreover, the complaint alleges no services independent of the sexual relationship or that Harris' services enhanced the decedent's estate.

This state recognizes the right of unmarried cohabitants to "raise claims based upon unjust enrichment following the termination of their relationships where one of the parties attempts to retain an unreasonable amount of the property acquired through the efforts of both." *Watts v. Watts,* 137 Wis. 2d 506, 532–33, 405 N.W.2d 303, 314 (1987).[7] "[P]ublic policy does not nec-

or would not have changed it if he had not been persuaded by the tortious conduct of the defendant and there is no evidence to the contrary, the proof may be sufficient that the inheritance would otherwise have been received. The fact that it was the defendant's tortious act that makes it not possible to prove with certainty may be taken into consideration by the court.

[7]The claimant in *Watts* alleged that she performed house-

essarily preclude an unnamed cohabitant from asserting a contract claim against the other party to the cohabitation so long as the claim exists independent of the sexual relationship and is supported by separate consideration." *Id.* at 529, 405 N.W.2d at 313. Harris' services or consideration for the decedent's promise were merely meretricious. Harris' complaint alleged no facts which support the element of a reasonable expectancy of a legacy.[8]

We conclude that the complaint fails to state a basis for which relief can be granted for intentional or malicious interference with Harris' expected inheritance. Harris had no reasonable certainty of a particular legacy.

*By the Court.*—Judgment affirmed.

FINE, J. *(dissenting).* I agree with the majority that public policy, as recognized by *Watts v. Watts,* 137

---

keeping, child bearing and child rearing, and other services relating to home maintenance and assisted in defendant's business, all without compensation. *Watts,* 137 Wis. 2d at 528, 405 N.W.2d at 312.

[8]In her appellate brief, Harris also argues that her cause of action, wrongful interference with an "inheritance," must be vindicable by a remedy as provided by Wis. Const. art. I, sec. 9. This section prescribes that every person is entitled to a remedy for injuries or wrongs. She reasons that because the legislature has provided no avenue of relief for her, the trial court may fashion one for her under the constitution exercising its equitable authority. She further contends that this court recognized a cause of action for tortious interference with a testamentary expectancy, citing cases referencing equity principles.

We decline to discuss Harris' constitutional argument because it is not developed. *W.H. Pugh Coal Co. v. State,* 157 Wis. 2d 620, 634, 460 N.W.2d 787, 792 (Ct. App. 1990), *review denied.* The total length of the appellant's brief was two and one-third pages.

697

Wis. 2d 506, 529, 405 N.W.2d 303, 313 (1987) (contract claim by one cohabitant against the other must rest on consideration independent of the sexual relationship), precludes an action for intentional interference with an inheritance or gift when the expectancy rests solely on a meretricious relationship. Nevertheless, I conclude that dismissal of the complaint was error.

As the majority notes, our analysis on this appeal from the trial court's dismissal of Lynette Harris' complaint is not only limited by the allegations in that complaint, but those allegations must also be viewed in a light most favorable to the assertion of a lawful claim. *See Morgan v. Pennsylvania General Ins. Co.,* 87 Wis. 2d 723, 731, 275 N.W.2d 660, 664 (1979) (A claim may be dismissed only if " 'it is quite clear that under no conditions can the plaintiff recover.' ") (citation omitted). I disagree with the majority's conclusion that the allegation that Harris provided to David Kritzik "*all* of the services and companionship of a wife" (emphasis added) requires the majority's conclusion that "Harris' services or consideration for [David Kritzik's] promise [of a legacy] were *merely* meretricious." Majority op. at 697 (emphasis added). While the majority's conclusion *may* be true, it is not the only supportable inference that can be drawn from the complaint. Since "a bargain between two people is not illegal merely because there is an illicit relationship between the two so long as the bargain is independent of the illicit relationship and the illicit relationship does not constitute any part of the consideration bargained for and is not a condition of the bargain," *In re Estate of Steffes,* 95 Wis. 2d 490, 514, 290 N.W.2d 697, 709 (1980), and since the complaint, when viewed in a light most favorable to Harris, can be read as alleging a

698

promise "independent" of an "illicit relationship," I respectfully dissent.