SOUTHERN CROSS, INC., a Wisconsin Non-Stock, Non-Profit Corporation, Plaintiff-Appellant,

v.

Erica JOHN, Paula N. John, Donald A. Gallagher, De Rance, Inc., a Wisconsin Non-Stock, Non-Profit Corporation, and The Archdiocese of Milwaukee Supporting Fund, Inc., a Wisconsin Non-Stock, Non-Profit Corporation, Defendants-Respondents,

J.P. BOLDUC and John Doe Defendants, Defendants.

Supreme Court

*No. 94–0127. Filed June 12, 1995.*

(Petition for review denied.)

(Also reported in 533 N.W.2d 188.)

645

PER CURIAM. The defendants-respondents, Erica John and Paula John, et al., seek review of a decision reversing the circuit court's order dismissing Southern Cross, Inc.'s complaint which alleged, among other things, that the defendants had wrongfully interfered with an inheritance Southern Cross expected from the decedent, Harry John. The circuit court concluded Southern Cross lacked standing to sue because its interest was too remote and conjectural. The court of appeals reversed and held that under *Harris v. Kritzik,* 166 Wis. 2d 689, 480 N.W.2d 514 (Ct. App. 1992) which adopted the *Restatement (Second) of Torts* sec. 774B (1977) to recognize a cause of action in this state for intentional interference of an expected inheritance, Southern Cross's complaint stated a claim upon which relief could be granted.

In their petition for review, the defendants challenge the court of appeals conclusion that the complaint states a claim. They also ask this court to determine whether this section of the *Restatement* was appropriately adopted in *Harris.* In 1992 this court granted review in *Harris* to address this latter question; however, before this court could consider that review, it was dismissed upon stipulation of the parties.

The instant petition for review again presents this issue, among others. Nonetheless, we deny this petition for review at this time because we conclude this

question is better addressed following full factual development of the record in the circuit court.

Denial of this petition for review at this time will not preclude this court from subsequently reviewing this question should, after trial or other proceedings, a party in this case file a petition for review raising this issue. In *Univest Corp. v. General Split Corp.,* 148 Wis. 2d 29, 435 N.W.2d 234 (1989) this court recognized that when it grants review, it has broad discretionary authority under sec. (Rule) 809.62(6), Stats., to consider any "substantial and compelling" issues addressed in earlier appellate decisions in the same case even though review on those earlier decisions had not been sought. This discretion is similar to that exercised by the United States Supreme Court when dealing with writs of certiorari to review decisions of lower courts. The United States Supreme Court can reach back and address claimed error in earlier interlocutory proceedings even though no attempt was made to secure review of the interlocutory decree or even though such attempt was made without success. *See* Stearn, Gedsman and Shapiro, *Supreme Court Practice* 40–41 (7th Ed. 1993). A prior denial of certiorari, or a dismissal of the writ as improvidently granted, does not establish the law of the case nor amount to res judicata on the points raised. *Hughes Tool Co. v. Trans World Airlines,* 409 U.S. 363, 365 n.1 (1973); see also, *Mercer v. Theriot,* 377 U.S. 152, 153–54 (1964).

Consistent with the certiorari practice which allows the Supreme Court to reach questions it rejected in earlier certiorari proceedings in the same case, this court likewise is not precluded by any law of the case

647

considerations from granting review on an issue previously presented in an earlier unsuccessful petition for review in the same case. Cases such as *State v. Brady,* 130 Wis. 2d 443, 388 N.W.2d 151 (1986) and *McGovern v. Eckhart,* 200 Wis. 64, 227 N.W. 300 (1929) and others have recognized that the law of the case doctrine is a question of court practice, not an "inexorable rule." Thus, this court may, in its discretion, grant review in the future in this case on the precise issue currently raised in this petition.

The parties are cautioned, however, to infer nothing from the denial of this petition for review about this court's view on the merits of this issue. *See State v. Schillcutt,* 119 Wis. 2d 788, 350 N.W.2d 686 (1984); and *State v. Nye,* 105 Wis. 2d 63, 312 N.W.2d 826 (1981). Likewise, the parties should not assume that because this court is not precluded from revisiting this issue in a subsequent petition for review should one be filed in this case, that we will do so. This court may or may not grant review on this issue in the future; our discretion controls our calendar. This petition for review is denied.

An order consistent with this opinion has been filed.

ABRAHAMSON and GESKE, JJ., dissent from the denial of this petition for review.