COURT OF APPEALS
DECISION
DATED AND FILED

October 28, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP1155**

STATE OF WISCONSIN

Cir. Ct. No. 2022CV5107

IN COURT OF APPEALS
DISTRICT I

NICOLA CHARLTON, GRANT CHARLTON AND KRISTIN CHARLTON,

PLAINTIFFS-APPELLANTS,

V.

MARK CHARLTON, TOM KROSCHER, MICHAEL ORGEMAN, LICHTSINN & HAENSEL, S.C., ASSOCIATED BANC-CORP., TOWN BANK, N.A., NICOLET NATIONAL BANK, HIAWATHA NATIONAL BANK AND STEPHENSON NATIONAL BANCORP, INC.,

DEFENDANTS-RESPONDENTS,

ABC INSURANCE COMPANY AND DEF INSURANCE COMPANY,

DEFENDANTS.

APPEAL from an order of the circuit court for Milwaukee County: THOMAS J. McADAMS, Judge. *Affirmed*.

Before Colón, P.J., Donald, and Geenen, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.  Nicola Charlton, Grant Charlton, and Kristin Charlton (collectively, "the plaintiffs") appeal the order granting the motions to dismiss filed by Mark Charlton, Tom Kroscher, Michael Orgeman, Lichtsinn & Haensel, S.C., Associated Banc-Corp., Town Bank, N.A., Nicolet National Bank, Hiawatha National Bank, and Stephenson National Bancorp Inc. (collectively, "the defendants").  The plaintiffs believe they were entitled to a larger inheritance than they received and blame the defendants for the shortfall.  Existing Wisconsin law does not, however, provide for a cause of action for tortious interference with an expectancy based on a diminished inheritance.  Consequently, the plaintiffs failed to state a claim upon which relief can be granted.  We affirm.

## I. BACKGROUND

¶2    The following background information is taken from the allegations in the plaintiffs' complaint.  Earl Charlton had five children, Nicola, Grant, Kristin, Mark, and Guy, all of whom were named as beneficiaries to his estate.[1]  Before his death, Earl owned interests in five businesses that constituted part of his estate.  Attorney Michael Orgeman and Orgeman's employer, Lichtsinn & Haensel, S.C. (referred to collectively as "the lawyers"), were retained by Earl to, among other things, draft his estate planning documents.  Earl died in 2021.

---

[1] For ease of reading, throughout the remainder of the decision, we will refer to the various members of the Charlton family by their first names.  Guy is not a named party in this litigation.

¶3    In 2022, the plaintiffs filed a complaint naming numerous defendants: Mark; Tom Kroscher, acting on behalf of his mother, Marian Kroscher, who was Earl's business partner; the lawyers; and five separate banks (collectively, "the banks"). The plaintiffs claim that Mark, with the assistance of Orgeman and Kroscher, took advantage of Earl's diminished capacity prior to his death in order to assert control over Earl's personal and business affairs. The plaintiffs additionally allege that Mark mismanaged Earl's business affairs so as to reduce the value of Earl's estate, which they inherited.

¶4    The complaint alleged a cause of action for tortious interference with an expectancy against Mark, Kroscher, and Orgeman based on the diminished value of their inheritance. The plaintiffs further alleged that the banks, Kroscher, and the lawyers aided and abetted in diminishing the plaintiffs' inheritance by reducing the value of Earl's estate.

¶5    All of the defendants moved to dismiss the claims against them. Following oral argument, the circuit court granted the motions in a 65-page written decision. As relevant for our resolution of this appeal, the court ruled that "[t]he tort alleged does not exist based on a mere reduction" and that the complaint did not sufficiently allege a claim for aiding and abetting.

## II. DISCUSSION

¶6    An appellate court reviews a motion to dismiss for failure to state a claim de novo. *Data Key Partners v. Permira Advisers LLC*, 2014 WI 86, ¶¶17-19, 356 Wis. 2d 665, 849 N.W.2d 693; *see* WIS. STAT. § 802.06(2)(a)6. (2023-

24).[2]  To withstand a motion to dismiss, "a complaint must plead facts, which if true, would entitle the plaintiff to relief." *Data Key Partners*, 356 Wis. 2d 665, ¶21; *see* WIS. STAT. § 802.02(1)(a).  We accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom; legal conclusions need not be accepted as true.  *Data Key Partners*, 356 Wis. 2d 665, ¶19.

¶7      The plaintiffs argue that the circuit court erred when it concluded that Wisconsin does not recognize a cause of action for tortious interference with an expectancy based on a diminished inheritance.  It is undisputed that, to date, Wisconsin law has not recognized such a claim.

¶8      Wisconsin first recognized a claim for intentional interference with an expected inheritance in *Harris v. Kritzik*, 166 Wis. 2d 689, 480 N.W.2d 514 (Ct. App. 1992).  In defining the elements of this cause of action, we adopted the Restatement (Second) of Torts § 774B (1977).  *Harris*, 166 Wis. 2d at 695.  Section 774B, subtitled "Intentional Interference with Inheritance or Gift," defined the cause of action as follows:

> One who by fraud, duress or other tortious means intentionally prevents another from receiving from a third person an inheritance or gift that he would otherwise have received is subject to liability to the other for loss of the inheritance or gift.

*Id.*

¶9      The *Harris* court went on to delineate the elements for a cause of action for intentional interference with an expected inheritance as follows:

---

[2]  All references to the Wisconsin Statutes are to the 2023-24 version.

(1) an existence of the plaintiff's expectancy; (2) that the defendant intentionally interfered with that expectancy; (3) that the conduct of the defendant, in and of itself, is tortious—e.g., fraud, defamation, bad faith, or undue influence; (4) that there exists a reasonable certainty that the testator would have left a particular legacy had he or she not been persuaded by the defendant's tortious conduct; and (5) existence of damages.

*Id.*, 166 Wis. 2d at 695-96 (footnotes omitted). To date, Wisconsin case law has only recognized claims that plaintiffs were deprived entirely from receiving an expected inheritance. *See id.* at 696-97; *see also* **Wickert v. Burggraf**, 214 Wis. 2d 426, 428-29, 570 N.W.2d 889 (Ct. App. 1997).

¶10 Here, there are no allegations that the conduct of any defendant, individually or in concert with others, caused any plaintiff to be entirely disinherited. Instead, the plaintiffs allege that, while they remained beneficiaries of Earl's estate plan, acts of the defendants reduced the value of that estate prior to Earl's death, with a consequent reduction in the value of the inheritance each plaintiff received.

¶11 The plaintiffs assert: "Based on the only binding cases in this state, *Harris* and *Wickert*, Wisconsin courts are silent on whether a claim for tortious interference may be based on a reduction of a plaintiff's expected inheritance." They submit: "Although silent, Wisconsin has not prohibited such as case." Based on their review of other jurisdictions that follow the Restatement (Second), the plaintiffs argue that this court should conclude a tortious interference claim may be brought when there is a diminished inheritance that would not have been diminished but for a defendant's wrongful conduct.

¶12 Having reviewed the cases cited by the plaintiffs, we are not convinced that they persuasively support the position that we should recognize the

diminished-inheritance version of tortious interference with an expectancy. For example, the plaintiffs cite *Estate of Hollywood v. First National Bank of Palmerton*, 859 A.2d 472 (Pa. Super. Ct. 2004), as support for the premise that within Restatement (Second) jurisdictions, the tort applies to diminished inheritances. Interestingly, the *Hollywood* court went on to explain that Pennsylvania does not recognize a claim for diminished inheritance. *Id.* at 477 (holding that Pennsylvania law "does not provide grounds for recovery on the basis of *inter vivos* transfers alleged to diminish an eventual bequest").

¶13     The plaintiffs also direct us to the Florida case of *All Children's Hospital, Inc. v. Owens*, 754 So. 2d 802 (Fla. Dist. Ct. App. 2000). However, the court in that case stopped short of recognizing a cause of action akin to the one at issue here, which it described as a "bigger piece of pie" theory of tortious interference. *Id.* at 805-06. The court explicitly stated that it did not need to decide the issue. *Id.* at 806-07. Meanwhile *Wellin v. Wellin*, 135 F. Supp. 3d 502 (D.S.C. 2015), another case cited by the plaintiffs, at best, supports a claim in the context of alleged wrongful removal of specific assets from the estate, not—as the plaintiffs allege here—an amorphous allegation that they should have received a larger inheritance. *See id.* at 518-19.

¶14     Circling back to case law from this state, the plaintiffs direct our attention to *Schaefer v. American Family Mutual Insurance Co.*, 192 Wis. 2d 768, 531 N.W.2d 585 (1995), and contend that a claim for a diminished inheritance should be categorized as a question of damages. The plaintiffs' contortion of the *Schaefer* court's holding misses its mark. In *Schaefer*, the court noted that "[t]he sole issue on review is whether evidence of receipt of insurance proceeds by heirs bringing a wrongful death action seeking pecuniary damages for lost inheritance should be excluded at trial on public policy grounds." *Id.* at 774.

The court went on to define what constitutes lost inheritance and noted that "[r]ecovery is limited to the pecuniary value of the addition to the estate which the decedent in reasonable probability would have accumulated and left to his or her heirs had the decedent lived a natural life span." *Id.* at 787. The case has no bearing whatsoever on whether Wisconsin currently recognizes, or should recognize in the future, a claim for tortious interference with an expectancy based on a diminished inheritance.

¶15 In order for the plaintiffs' case to move forward, we would have to recognize a new claim. We are an error correcting court. *Blum v. 1st Auto & Cas. Ins. Co.*, 2010 WI 78, ¶50, 326 Wis. 2d 729, 786 N.W.2d 78 ("The primary function of the court of appeals is error correction."). "[T]he court of appeals' law-developing role is secondary and arises only under some circumstances, as the court is required to adapt[] the common law and interpret[] the statutes and federal and state constitutions in the cases it decides." *Id.* (brackets in *Blum*, two sets of quotation marks and citation omitted). Nothing about this case requires us to create a version of an expected-inheritance tort never before recognized in this state. *See State ex rel. Wis. Senate v. Thompson*, 144 Wis. 2d 429, 436, 424 N.W.2d 385 (1988) ("[I]t is [the Wisconsin Supreme C]ourt's function to develop and clarify the law."); *see generally Sussex Tool & Supply, Inc. v. Mainline Sewer & Water, Inc.*, 231 Wis. 2d 404, 416 n.4, 605 N.W.2d 620 (Ct. App. 1999) (declining to address whether the economic loss doctrine applies to a negligent provision of services because the appellate court is not the appropriate avenue for law creation).

¶16 Because Wisconsin law does not recognize a claim for tortious interference with an expectancy based on a diminished inheritance, the plaintiffs' claims against the banks, Kroscher, and the lawyers for aiding and abetting that

interference must also fail.  Here, there was no unlawful act to aid or abet.  *See Winslow v. Brown*, 125 Wis. 2d 327, 336, 371 N.W.2d 417 (Ct. App. 1985) (explaining that "a person is liable in a civil action for aiding and abetting if: (1) [t]he person undertakes conduct that as a matter of objective fact aids another in the commission of an unlawful act; and (2) the person consciously desires or intends that his conduct will yield such assistance").[3]

¶17    Multiple parties filed motions in this court seeking costs, fees, and attorney fees for a frivolous appeal, relying on WIS. STAT. RULE 809.25(3) and WIS. STAT. § 895.044.  Whether an appeal is frivolous is a question of law. *Howell v. Denomie*, 2005 WI 81, ¶9, 282 Wis. 2d 130, 698 N.W.2d 621.

¶18    This is "'an especially delicate area,'" and "court[s] must be cautious in declaring [actions or appeals] frivolous" to avoid stifling the development of the law.  *Juneau Cnty. v. Courthouse Emps.*, 221 Wis. 2d 630, 640, 585 N.W.2d 587 (1998) (citation omitted).  In order for this court to award sanctions under WIS. STAT. RULE 809.25(3) or WIS. STAT. § 895.044(5), the entire appeal must be frivolous.  *Thompson v. Ouellette*, 2023 WI App 7, ¶¶20, 59, 406 Wis. 2d 99, 986 N.W.2d 338.  Although we reject the plaintiffs' arguments for the reasons discussed above, we are not persuaded that the entire appeal is frivolous.  We therefore deny the motions for costs, fees, and attorney fees under RULE 809.25(3) and § 895.044.

*By the Court.*—Order affirmed.

---

[3] To the extent we have not addressed the alternate grounds for affirmance, it is not necessary for us to do so. *See Lakeland Area Prop. Owners Ass'n, U.A. v. Oneida Cnty.*, 2021 WI App 19, ¶17, 396 Wis. 2d 622, 957 N.W.2d 605 ("[W]e need not address all arguments raised by the parties if one of those arguments is dispositive.").

This opinion will not be published. *See* W<small>IS.</small> S<small>TAT.</small> R<small>ULE</small> 809.23(1)(b)5.