BUCKLAND, Appellant, vs. CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY, Respondent.

*March 24—April 13, 1915.*

*Personal injury: Pleading: Settlement and release of damages: Evidence: Competency: "Statements against interest."*

1. In an action for a personal injury, an answer pleading a settlement and a written release of damages signed by plaintiff on the day of the injury states a good defense. Assuming that, under sec. 4079m, Stats., such writing is not competent evidence against the plaintiff, defendant might, nevertheless, under such answer show by parol evidence that a settlement was agreed upon and that plaintiff accepted and retained the amount agreed to be paid.

2. Sec. 4079m, Stats., as shown by the title to the original act (ch. 123, Laws of 1911), applies to "statements against interest" procured for the purpose of being used as evidence against the injured person in any action he might thereafter bring; and an agreement of settlement cannot be said to be a statement against interest until it is impeached by the recognized legal methods.

APPEAL from an order of the circuit court for Wood county: BYRON B. PARK, Circuit Judge. *Affirmed.*

On the morning of February 9, 1914, the plaintiff, a resident of this state, while traveling from Sioux City, Iowa, to

Menomonie, Wisconsin, on one of the defendant's trains, suffered personal injury by reason of the derailment of the train on which he was riding, near Bigelow station in the state of Minnesota. The complaint alleges that the derailment was due to the negligence of the defendant's servants in the operation of the train, and damages are claimed for the injury suffered. The defendant answered, admitting most of the allegations of the complaint, but pleaded by way of defense that on the 9th day of February, 1914, the plaintiff, while still within the state of Minnesota, settled his claim against the defendant and duly released, acquitted, and discharged the defendant in writing from all liability and causes of action arising out of the derailment of the train. The answer further set forth that by reason of the release the defendant was discharged from liability to the plaintiff. A copy of the release was attached to and made a part of the answer, and it was averred in the complaint that under the law of the state of Minnesota, where said release was signed, the same constituted a valid and binding contract. To this answer the plaintiff interposed a demurrer on the ground that it did not state facts sufficient to constitute a defense. The trial court overruled the demurrer, and from the order overruling the same the plaintiff takes this appeal.

The cause was submitted for the appellant on the brief of *Lehr, Kiefer & Reitman,* attorneys, and *J. Elmer Lehr,* of counsel, and for the respondent on that of *Geo. W. Peterson* and *Bundy & Wilcox,* attorneys, and *J. B. Sheean,* of counsel.

BARNES, J. The appellant contends that the demurrer was improperly overruled because of ch. 123, Laws of 1911. That act, including title, reads as follows:

"An act to create section 4079m of the statutes, relating to the admission in evidence of statements against interest.

"The people of the State of Wisconsin, represented in Senate and Assembly, do enact as follows:

"Section 1. There is added to'the statutes a new section

to read:    Section 4079*m*. In civil actions for damages caused by personal injury no statement made or writing signed by the injured party within seventy-two hours of the time the injury happened or accident occurred, shall be used in evidence against the party making or signing the same unless such evidence would be admissible as part of the *res gestæ*.

"Section 2.    This act shall take effect and be in force from and after its passage and publication."

It is argued that under this statute the release pleaded in the answer is not competent evidence, and consequently settlement and satisfaction cannot be shown.

Even if the statute applied to settlements made with injured persons, no reason is apparent why such settlements when made could not be proved by the best competent evidence that could be produced. If the written evidence of what was done could not be used, we think the defendant could still show by parol evidence that a settlement was agreed upon and that the claimant accepted and retained the amount agreed to be paid, and that such proof might be made under the answer in this case; so that in any event it states a good defense.

However, we think the statute was intended to apply to and cover statements procured for the purpose of being used as evidence against the injured party in any action he might thereafter bring; in other words, statements procured for purposes of defense. Had the legislature intended to prevent settlements being made within seventy-two hours after an injury occurred, it would have said so unequivocally. The title to the act fairly sets forth its purpose, and that purpose was to exclude "statements made against interest." The law encourages settlements and legal presumption favors their validity, and an agreement of settlement cannot be said to be a statement against the interest of either party to it, until it is impeached by the recognized legal methods.

*By the Court.*—Order affirmed.