Antrice HART, Plaintiff-Appellant,

v.

ARTISAN AND TRUCKERS CASUALTY COMPANY and Esvin Gomez, Defendants-Respondents.

Court of Appeals

*No. 2016AP1196. Submitted on briefs March 3, 2017. —Decided June 13, 2017.*

2017 WI App 45

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Robert A. Levine* and *Jonathan J. Cattey* of Law Offices of Robert A. Levine in Milwaukee.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Steven J. Snedeker* and *Nathaniel Causey* of Stone Ridge Law Offices of Prahl & Snedeker of Waukesha.

Before Brennan, P.J., Kessler and Dugan, JJ.

¶ 1. BRENNAN, P.J. Antrice Hart appeals from an order that granted summary judgment to Esvin

Gomez and his insurer Artisan and Truckers Casualty Company (Artisan) and dismissed her complaint. This is a personal injury case that arises from a car accident Gomez caused on August 1, 2014, in which Hart was injured. The circuit court based its order on the full release of claims Hart signed on the day of the accident.

¶ 2. Hart argues that the full release of claims she signed is inadmissible evidence because Wis. Stat. § 904.12(1) (2015–16),[1] by its plain language, prohibits the admission of any "statement made or writing signed by the injured person within 72 hours of the time the injury happened[.]" We disagree and affirm.

## BACKGROUND

¶ 3. Gomez was driving on Fond du Lac Avenue at about 2:30 p.m. on August 1, 2014, and he rear-ended the car that was behind Hart's vehicle and pushed it into her vehicle. Hart was injured in the accident.

¶ 4. At approximately 3:00 p.m., Hart called Artisan to report the claim. At about 3:45 p.m., an Artisan representative called Hart. Hart told the representative she could not take the call at that moment due to a flat tire on her car and asked for a call later. At about 4:30 p.m., an Artisan representative, Ashley Shusta, spoke with Hart by phone. This conversation was recorded, and a transcript of the call was made part of the record. Shusta informed Hart that Hart could take her vehicle to Artisan's service center for repairs that same day, that Artisan could "set aside $1000 for the next fifteen days" to pay medical bills, and that Artisan

---

[1] All references to the Wisconsin Statutes are to the 2015–16 version unless otherwise noted.

could give Hart $500 for her pain and inconvenience. Shusta told Hart that she would need to "sign a release" and that a copy of the release would be ready for her at the service center when she came to drop off her car for repair.

¶ 5. On that day, the same day as the accident, Hart signed a release titled "Full Release of All Claims with Indemnity." It expressly stated that the nature and extent of injury was doubtful and disputed, that recovery from any injuries was uncertain and indefinite, that it was not entered into in reliance upon any doctor's diagnosis, and that Hart was relying wholly on her own judgment, belief and knowledge of the nature, extent, effect and duration of injuries. The release also stated in relevant part:

> Antrice Hart, a single person, for and in consideration of the payment of Five Hundred and 00/100 Dollars ($500.00), the receipt and sufficiency of which is hereby acknowledged, does hereby for myself . . . release acquit and forever discharge Esvin Gomez and Artisan and Truckers Casualty Company . . . from any and all claims . . . which the undersigned now has/have or which may hereafter accrue on account of or in any way growing out of an accident which occurred on or about 08/01/2014, at or near Milwaukee, Wisconsin. In further consideration, the released parties agree to pay reasonable and necessary medical and/or dental expenses up to a maximum of One Thousand 00/100 Dollars ($1000.00) incurred by me within 15 days after the date of this release . . . .
>
> The undersigned has read the foregoing release and fully understands it.

(Some capitalization and formatting altered.)

¶ 6. On May 13, 2015, Hart filed this action. Artisan filed a summary judgment motion. The circuit

181

court granted summary judgment on the grounds that the release of claims barred Hart's action. This appeal follows.

## DISCUSSION

**WISCONSIN STAT. § 904.12(1) does not bar the admission into evidence of an injured person's release of claims signed within seventy-two hours of the accident.**

¶ 7. The narrow question before us is whether the release Hart signed is admissible evidence. Hart claimed that it was not admissible under WIS. STAT. § 904.12(1) and that therefore her claims survived Artisan's summary judgment motion. The circuit court concluded that the statute did not bar admission of the release and granted Artisan's motion.

¶ 8. We must decide whether in WIS. STAT. § 904.12(1) the legislature intended the rule on the admissibility of statements made or writings signed by an injured party within seventy-two hours of an accident to apply to releases. For the reasons set forth below, we conclude that our supreme court's interpretation of the predecessor statute to § 904.12(1), which is in all relevant respects identical, is controlling. The supreme court, in *Buckland v. Chicago, St. Paul, Minneapolis & Omaha Railway Co.*, 160 Wis. 484, 486, 152 N.W. 289 (1915), concluded that the legislature did not intend the prohibition on such writings to apply to a release of claims. Because we are bound by that holding and agree with the circuit court that the current statute does not prohibit the admission of Hart's release, we affirm.

## Standard of review and principles of law.

¶ 9. WISCONSIN STAT. § 802.08 governs summary judgment methodology, and we apply that methodology in the same manner as the circuit court. *See Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315, 401 N.W.2d 816 (1987). We examine the summary judgment submissions to determine whether a genuine issue of material fact exists or whether either party is entitled to judgment as a matter of law. *See id.*

¶ 10. Additionally, resolution of this appeal requires interpretation of a statute, for which we employ a *de novo* review. *See Wilson v. Waukesha County*, 157 Wis. 2d 790, 794, 460 N.W.2d 830 (Ct. App. 1990).

¶ 11. A settlement agreement is a contract by nature. *American Nat'l Prop. and Cas. Co. v. Nersesian*, 2004 WI App 215, ¶ 16, 277 Wis. 2d 430, 689 N.W.2d 922. "An authorized offer from an insurance company, if accepted (and assuming consideration), must be held to create a settlement contract." *Carey v. Dairyland Mut. Ins. Co., Inc.*, 41 Wis. 2d 107, 117, 163 N.W.2d 200 (1968).

## The statute and related case law.

¶ 12. WISCONSIN STAT. § 904.12(1) states in relevant part:

> In actions for damages caused by personal injury, no statement made or writing signed by the injured person within 72 hours of the time the injury happened or accident occurred, shall be received in evidence unless such evidence would be admissible as a

183

present sense impression, excited utterance or a statement of then existing mental, emotional or physical condition[.]

¶ 13. This prohibition has existed in some form in Wisconsin law since 1911. An almost identical version of the statute was considered by our supreme court in 1915 in *Buckland*. At that time, the statute read as follows:

> In civil actions for damages caused by personal injury no statement made or writing signed by the injured party within seventy-two hours of the time the injury happened or accident occurred, shall be used in evidence against the party making or signing the same unless such evidence would be admissible as part of the *res gestae*.

*Id.* at 486 (quoting Laws of 1911, ch. 123, § 4079m).

¶ 14. The court in *Buckland* was asked to answer the same question presented here. A party had signed a release of claims and then sought to bar the admission of the release based on the statutory prohibition on the use of writings signed by an injured party within seventy-two hours of the accident. *Id.* at 485. The court concluded that the Legislature did not intend such releases to be inadmissible: "[h]ad the Legislature intended to prevent settlements being made within seventy-two hours after an injury occurred, it would have said so unequivocally." *Id.* at 486. It further reasoned that "[t]he law encourages settlements, and legal presumption favors their validity, and an agreement of settlement cannot be said to be a statement against the interest of either party to it, until it is impeached by the recognized legal methods." *Id.* Therefore, it concluded, "[t]he statute was intended

to apply to and cover . . . statements procured for purposes of defense" and not to settlements. *Id.*

## Hart's arguments.

¶ 15. Hart argues that the plain language of the statute prohibits a court from considering a written release of claims signed within seventy-two hours even if the statute does not mention releases. Hart argues that, under *Kalal*, statutory interpretation "begins with the language of the statute. If the meaning of the statute is plain, we ordinarily stop the inquiry." *State ex rel. Kalal v. Circuit Court for Dane Cty.*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110 (citation omitted). Hart argues that the release in this case is a "writing signed by the injured person within seventy-two hours of the time the injury happened," and therefore under the statute's plain meaning, the release cannot be admissible.

¶ 16. However, that argument ignores the fact that our supreme court has addressed the interpretation of a predecessor statute, and there is controlling authority that must be followed or distinguished. We cannot "stop the inquiry" when a statute or its predecessor has been the focus of previous supreme court interpretations, as is the case here. So we must consider whether WIS. STAT. § 904.12(1) should be interpreted the same way as its predecessor.

¶ 17. Hart argues that it should not. Hart argues that *Buckland* does not bind this court because the statute it was interpreting was "similar to but not the same as WIS. STAT. § 904.12(1)." The reason we should interpret it differently, Hart argues, is that the title of

the 1911 act that created the statute was "[a]n act to create section 4079m of the statutes, relating to the admission in evidence of *statements against interest.*" (Emphasis added.) The title of the current statute is "Statement of injured; admissibility; copies." *See* WIS. STAT. § 904.12. This, she argues, is a significant difference.

¶ 18. We do not agree. First, a title to a statute is not part of the statute. *See* WIS. STAT. § 990.001(6). "[A] title may not be used to alter the meaning of a statute or create an ambiguity where no ambiguity existed." *Noffke v. Bakke*, 2009 WI 10, ¶ 25, 315 Wis. 2d 350, 760 N.W.2d 156.

¶ 19. Secondly, the plain language of each version expresses an *evidentiary* rule. Each version begins with *identical* language defining the type of statement covered by the statute: "no statement made or writing signed by the injured person within seventy-two [72] hours of the time the injury happened or accident occurred, shall be used in evidence . . . ." Then each addresses the admissibility of such statements in terms of hearsay rules. The older version addresses admissibility in the context of the hearsay exception for a statement against interest, and the newer one expands that to other established hearsay exceptions: "a present sense impression, excited utterance or a statement of then existing mental, emotional or physical condition[.]" WIS. STAT. § 904.12(1).

¶ 20. The plain language of both versions shows that they are identical in purpose and meaning, and thus Hart's attempt to distinguish *Buckland* fails. *Buckland* expressly held that the legislature intended to encourage settlement and did not intend to exclude

186

settlement releases or it would have said so. *Buckland*, 160 Wis. at 486. Because the statute is, in essence, the same statute interpreted by the supreme court in *Buckland*, we are compelled to follow its interpretation. "[W]e are bound by supreme court precedent, even if it is over a century old." *Walberg v. St. Francis Home, Inc.*, 2004 WI App 120, ¶ 7 n.4, 274 Wis. 2d 414, 683 N.W.2d 518.

¶ 21. Additionally, to construe the current statute as Hart argues would conflict with contract law. Hart in effect argues that any release signed by an injured party within seventy-two hours must be excluded. But it is well established that a release is a contract, *see American Nat'l Prop. and Cas. Co.*, 277 Wis. 2d 430, ¶ 16, and when faced with a question about a contract, our supreme court has stated, a court is to be "mindful that the freedom to contract has long been protected in this state." *See Whirlpool Corp. v. Ziebert*, 197 Wis. 2d 144, 148, 539 N.W.2d 883 (1995).

¶ 22. The absurdity of Hart's argument is further shown in the plain language of the current statute permitting the admission of a statement by an injured person, as long as it fits within the established hearsay exceptions for present sense impression, or excited utterance or then existing condition. None of these hearsay exceptions have applicability in the *contract* context because a release provision does not state an injured person's contemporaneous statement of then-existing startling or traumatic events. *See* WIS. STAT. § 908.03. Thus, if we were to follow Hart's interpretation, there is no way to give meaning to those words of the statute—which we are obligated to do. *See Kalal*, 271 Wis. 2d 633, ¶ 46 ("Statutory language is read

where possible to give reasonable effect to every word, in order to avoid surplusage."). Additionally, we note that the location of the current statute, in a chapter governing evidentiary rules, is further evidence that it was not intended to apply to the kind of contract entered here, a release agreement.

¶ 23. Finally, we note that the legislature's approval of the *Buckland* court's interpretation of the predecessor statute can be inferred from the fact that in a hundred years, it has never expressed its disapproval by amending the statute to specify that releases signed within seventy-two hours are prohibited as evidence. *See State v. Eichman*, 155 Wis. 2d 552, 566, 456 N.W.2d 143 (1990) ("Further support for our conclusion that [the statute in question] was intended to grant broader rights than [another statute] is found in the fact that the legislature has not acted in response to the broader construction given the former statute in [prior opinions]."). It is presumed that the legislature has full knowledge of existing law. *Peters v. Menard, Inc.*, 224 Wis. 2d 174, 187, 589 N.W.2d 395 (1999). "Legislative inaction following judicial construction of a statute, while not conclusive, evinces legislative approval of the interpretation." *Eichman*, 155 Wis. 2d at 566.

¶ 24. Therefore, because the statute does not bar the admission into evidence of the release Hart signed, and because the release bars her action, the circuit court properly granted summary judgment.

*By the Court.*—Order affirmed