PER CURIAM.
¶ 1 Joseph M. Augelli appeals a judgment of foreclosure. Augelli argues, in part, that the circuit court erred in granting summary judgment against Augelli because he was not provided adequate notice and opportunity to respond to the movant's motion for summary judgment. For the reasons discussed below, we agree and, therefore, reverse summary judgment and remand to the circuit court for further proceedings.
BACKGROUND
¶ 2 Because the dispositive issue in this case is procedural, we do not set forth the substantive facts underlying the foreclosure at issue here. Instead, we provide a timeline of the procedural history leading to the circuit court's grant of summary judgment.
¶ 3 The summons and complaint in this matter were filed on March 31, 2015, by Nationstar Mortgage, LLC. In the complaint, Nationstar alleged that it was the current mortgagee of record, having acquired that interest by assignment from Mortgage Electronic Registration Systems, Inc., the original mortgagee. The mortgage was given to secure a promissory note to Mortgageit, Inc., allegedly executed by Augelli on March 22, 2007.
¶ 4 Augelli filed an answer to the complaint on July 20, 2015, denying most of the allegations in the complaint, and specifically denying that Nationstar held a valid mortgage and denying that he was a mortgagor in any mortgage to Nationstar.
¶ 5 The circuit court entered a scheduling order on December 2, 2015. The scheduling order required that any motion for summary judgment by Nationstar be filed with the court by January 15, 2016. On January 15, 2016, Nationstar filed a notice of motion for summary judgment of foreclosure. Augelli objected to summary judgment on multiple grounds, including the authority of Nationstar to enforce the promissory note. Both parties supported their respective positions with affidavits and briefs. Under the December 2015 scheduling order, the circuit court was to take the matter under advisement on March 31, 2016, but, instead, the court referred the matter for mediation on April 18, 2016.
¶ 6 On September 29, 2016, the circuit court entered an order of dismissal for want of diligent prosecution. The order stated that the case would be dismissed unless counsel showed cause why it should not be dismissed within twenty days from the date of the order. In a letter dated and filed on October 10, 2016, counsel for Northstar asked that the matter not be dismissed, reported the failure of mediation and noted that servicing of the loan had transferred to Caliber Home Loans, Inc. Although there is nothing in the record showing any action by the circuit court upon this request, Augelli does not claim that the matter was dismissed and subsequent action by the court indicates that the court treated the matter as remaining active.
¶ 7 On November 10, 2016, counsel for U.S. Bank, the purported new mortgagee, filed the following documents with the circuit court: (1) an affidavit of mailing; (2) an affidavit in support of motion to substitute plaintiff; (3) an affidavit of mailing for motion to substitute plaintiff; (4) a notice of motion and motion to substitute plaintiff; (5) a supplemental affidavit in support of motion for foreclosure judgment; (6) order substituting plaintiff;[1] and (7) a document entitled findings of fact, conclusions of law and summary judgment.[2] The court entered the order substituting plaintiff and entered as a final order the document entitled findings of fact, conclusions of law and summary judgment the same day that that document and the supporting submissions were received. Augelli appeals only from the summary judgment and not from the order substituting plaintiff.
DISCUSSION
¶ 8 Augelli argues that the circuit court erred when it signed the findings of fact, conclusions of law and summary judgment on the same day that the court received U.S. Bank's supplemental submissions, without giving Augelli an opportunity to respond to the submissions. Summary judgment is a statutory procedure. See Larry v. Harris , 2008 WI 81, ¶ 16, 311 Wis. 2d 326, 752 N.W.2d 279. Generally we interpret statutes de novo. Id. However, where there is an existing interpretation of a relevant statutory provision, it is not our function to interpret de novo. See Progressive N. Ins. Co. v. Romanshek , 2005 WI 67, ¶¶ 41-46, 281 Wis. 2d 300, 697 N.W.2d 417. Thus, where a prior court interpretation of a statute is available, as here, we are bound by it.
¶ 9 In Larry , the circuit court granted default judgment against one of the defendants, but then later vacated the default judgment sua sponte under WIS. STAT. § 806.07. Larry , 311 Wis. 2d 326, ¶ 1. The circuit court then granted summary judgment to that same defendant, also sua sponte , without prior notice to the parties. Id . The Wisconsin Supreme Court affirmed the authority of the circuit court to sua sponte vacate the default judgment, but reversed the circuit court's grant of summary judgment. Id. , ¶¶ 25, 43.
¶ 10 In reversing the grant of summary judgment the Larry court emphasized that the availability of summary judgment is statutory and that WIS. STAT. § 802.08(2) provides: " 'Unless earlier times are specified in the scheduling order, the motion shall be served at least 20 days before the time fixed for the hearing.... ' " Id. , ¶ 39 (quoting § 802.08(2) ). The court interpreted this statutory language as requiring twenty days' advance notice to the parties and concluded that summary judgment was not proper in Larry because "[i]n raising and granting summary judgment on its own motion, the circuit court did not provide the parties 20 days' advance notice of its motion, as required by § 802.08(2)." Id. , ¶ 40.
¶ 11 The procedural history in the present case differs from that in Larry . For example, summary judgment in the present action was not granted sua sponte by the court and, as we note above in ¶ 5, there was a scheduling order in place in the present case that set specific deadlines for each step in the summary judgment process. However, for the reasons explained below, we conclude that nothing in these factual differences causes us to view the case as distinguishable from the analysis in Larry .
¶ 12 Here, summary judgment was granted by the circuit court only after it notified the parties that the case would be dismissed for want of prosecution and a new plaintiff, U.S. Bank, was substituted in the action and a new affidavit was offered to support the motion for summary judgment on behalf of U.S. Bank. U.S. Bank's affidavit in support of summary judgment alleges all of the facts necessary to support summary judgment on behalf of U.S. Bank, including possession of the note and the calculation of the amount due and owing. However, as we noted above in ¶¶ 4-5, many of the facts addressed in the U.S. Bank affidavit have been contested throughout the proceedings as to prior plaintiffs, from the pleadings through the previous summary judgment filings.
¶ 13 Summary judgment is only appropriate if "there is no genuine issue as to any material fact and [ ] the moving party is entitled to a judgment as a matter of law." WIS. STAT. § 802.08(2). It is not possible to determine that there is no genuine issue of material fact with regard to the newly asserted facts regarding the new plaintiff, U.S. Bank, where only one party has had an opportunity to be heard. Here, the submissions by U.S. Bank on November 10, 2016, are sufficiently different from the submissions submitted by Nationstar in support of Nationstar's motion for summary judgment that it cannot be reasonably said that Augelli's submissions in response to the materials in the original motion can be fairly compared with the new submissions. The November 10, 2016 submissions relate to a new party, a new loan servicer, a new affiant and a new set of facts.
¶ 14 Furthermore, even if we were to assume without deciding (and that has not been suggested by the parties) that a new summary judgment motion by U.S. Bank was not required, U.S. Bank's November 10, 2016 submissions were the functional equivalent of a new summary judgment motion. Under these circumstances, fundamental fairness requires that Augelli have the same twenty days' notice that he would have had if a new motion had been filed. Accordingly, we remand this for further proceedings.
¶ 15 Augelli asserts other arguments in his brief on appeal for why summary judgment was not proper in this case. However, when a decision on one issue is dispositive, we need not reach other issues raised. See Turner v. Taylor, 2003 WI App 256, ¶ 1 n.1, 268 Wis. 2d 628, 673 N.W.2d 716. Accordingly, we do not address Augelli's other arguments other than to comment briefly on one additional matter.
¶ 16 As part of his opposition to Nationstar's motion for summary judgment, Augelli submitted the affidavit of his attorney, Reed Peterson. In Attorney Peterson's affidavit, he makes the following averments:
3. The paper from Augelli's purported original note was bright white. It did not appear to be faded or yellowed. I compared Augelli's purported original note to the notes from the other cases, which were of similar age to Augelli's loan. The other notes had varying degrees of yellowing and were in stark contrast to Augelli's purported original note.
4. I am knowledgeable about the characteristics of paper. I obtained this knowledge in my law practice by observing documents that have aged. I have also inspected numerous older documents in my course of representing clients. I know that a characteristic of white paper is that as it ages it begins to change color and become more yellow in color.
5. The paper of Augelli's purported note is bright white, and is not consistent with a document that is 9 years old.
¶ 17 U.S. Bank challenges the propriety of Attorney Peterson's affidavit on the ground that Attorney Peterson did not establish his entitlement to testify as "an expert in paper forensics or paper dating." In his reply brief, Augelli asserts: "Peterson did not claim to be an expert on paper." Augelli's argument contrasts with the following averment in paragraph 4 of Attorney Peterson's affidavit: "I am knowledgeable about the characteristics of paper." This characterization of the issue completely overlooks the problem of an attorney acting as witness in a proceeding in which he or she is also an advocate. However, because we have concluded that summary judgment was not proper, any dispute about the propriety of Attorney Peterson's affidavit is a matter for the circuit court to consider on remand. Because it is possible that the attorney as a witness problem will be placed squarely before the circuit court on remand, we make the following observations, without drawing any conclusions.
¶ 18 In State v. Foy , 206 Wis. 2d 629, 642, 557 N.W.2d 494 (Ct. App. 1996), we discussed whether an attorney should testify in a case in which he or she is also an advocate. We noted that whether to allow the attorney to testify is a matter for the circuit court's discretion. Id. We pointed out that attorneys are competent to testify and are not generally prohibited as an evidentiary matter from testifying. However, we noted a potential ethical problem with an attorney testifying. SUPREME COURT RULE 20:3.7 states:
(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
(1) the testimony relates to an uncontested issue;
(2) the testimony relates to the nature and value of legal services rendered in the case; or
(3) disqualification of the lawyer would work substantial hardship on the client.
SUPREME COURT RULE 20:3.7 does not create an absolute evidentiary prohibition against an attorney testifying and a circuit court may, in its discretion, permit an attorney to testify in a proceeding in which he or she is an advocate when justice requires. Foy , 206 Wis. 2d at 642. In Foy , this court discussed the exercise of discretion in such a case in greater detail than we do here, and we commend the Foy case to the parties and the circuit court should this issue arise on remand.[3]
CONCLUSION
¶ 19 For the reasons stated above, we reverse the summary judgment of foreclosure and remand to the circuit court for further proceedings consistent with this opinion.
By the Court. -Judgment reversed and cause remanded for further proceedings.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, was substituted as plaintiff for the previous plaintiff, Nationstar Mortgage.

The proffered documents show considerable confusion about whether they seek summary judgment or default judgment. For example, one of the "findings" is that: "[N]o answer has been received or filed that presents any factual basis upon which to deny the material allegations of the [c]omplaint." The entire nature of the document ignores that there are no findings of fact in summary judgment but, rather, the circuit court determines that all material facts in the matter are uncontested. See Wis. Stat. § 802.08(2) (2015-16). See also AccuWeb, Inc. v. Foley & Lardner , 2008 WI 24, ¶ 26, 308 Wis. 2d 258, 746 N.W.2d 447.
All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

We observe that, near the beginning of U.S. Bank's respondent's brief on appeal, U.S. Bank asserts that it is the holder of the note without citations to the record as required by Wis. Stat. Rule 809.19(1)(d)-(e). We remind counsel that this is a high-volume court, State v. Bons , 2007 WI App 124, ¶ 21, 301 Wis. 2d 227, 731 N.W.2d 367. Compliance with the Rules of Appellate Procedure, particularly those rules regarding accurate record citations, is not optional and is essential to the timely performance of our duties. See Keplin v. Hardware Mut. Cas. Co. , 24 Wis. 2d 319, 324, 129 N.W.2d 321 (1964). This court has no duty to scour the record to review arguments unaccompanied by adequate record citation. Roy v. St. Lukes Med. Ctr. , 2007 WI App 218, ¶ 10 n.1, 305 Wis. 2d 658, 741 N.W.2d 256.
In addition, U.S. Bank asserts in its respondent's brief that it "produced the original note at trial," but there was no trial in this case. Such inaccuracies also affect the timely performance of our duties.