COURT OF APPEALS
DECISION
DATED AND FILED

June 4, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2020AP438**

**STATE OF WISCONSIN**

Cir. Ct. No.  2019TP1

**IN COURT OF APPEALS
DISTRICT IV**

IN RE THE TERMINATION OF PARENTAL RIGHTS TO K. C., A PERSON UNDER THE AGE OF 18:

JUNEAU COUNTY DEPARTMENT OF HUMAN SERVICES,

   PETITIONER-RESPONDENT,

 V.

C. C.,

   RESPONDENT-APPELLANT.

APPEAL from an order of the circuit court for Juneau County: STACY A. SMITH, Judge. *Affirmed*.

¶1 KLOPPENBURG, J.[1] The Juneau County Department of Health Services commenced this action seeking the termination of C.C.'s parental rights to her son, K.C. C.C. appeals the circuit court's order granting the County's motion for partial summary judgment on the existence of grounds to terminate CC's parental rights based on abandonment. C.C. makes three arguments in support of her appeal: (1) the circuit court improperly made factual findings instead of determining whether there were genuine issues of material fact as to whether C.C. had good cause for failing to visit or communicate with her son during the second, third, and fourth of the four periods of abandonment alleged by the County; (2) the court erroneously considered evidence outside of the summary judgment record, consisting of the criminal complaint connected with C.C.'s incarceration during the alleged fourth period of abandonment; and (3) the court erroneously permitted the County to file an affidavit with its reply brief in support of its summary judgment motion.[2] I conclude that: (1) C.C. has failed to show that there is a genuine issue of material fact as to the absence of good cause for her not communicating with her son and his foster parents during at least a more than three-month portion of the fourth alleged period of abandonment; and (2) whether

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

This appeal concerns only the termination of C.C.'s parental rights to her son; the child's father's parental rights were terminated by a separate order that is not at issue.

[2] Counsel for C.C. makes assertions without citation to supporting legal authorities, contrary to WIS. STAT. RULE 809.19(1)(e); fails to include in her appendix the portion of the transcript in which the circuit court renders its decision, contrary to RULE 809.19(2)(a); contains inaccurate citations; and quotes an excerpt from the record without signaling counsel's edits to the excerpt. Counsel is cautioned that compliance with the Rules of Appellate Procedure is not optional and is essential to the timely performance of this court's duties. *See Keplin v. Hardware Mut. Cas. Co.*, 24 Wis. 2d 319, 324, 129 N.W.2d 321 (1964).

the court properly considered the criminal complaint and permitted the County to file the affidavit on reply need not be reached because I do not rely on either the criminal complaint or the reply affidavit in my de novo review. Accordingly, I affirm the order terminating C.C.'s parental rights to her son.

## BACKGROUND

¶2    In November 2015, when C.C.'s son K.C. was six weeks old, he was removed from C.C.'s home and placed first in the hospital and then in foster care, where he has been since. In September 2016, C.C.'s son was adjudicated a child in need of protection and services.

¶3    On January 4, 2018, C.C.'s visits with her son were suspended by circuit court order based on concerns with C.C's mental health and anger issues, her use of illicit substances, her failure to comply with court-ordered conditions for returning her son to the parental home, and harm to her son's well-being from previous visits. The court order imposed conditions for C.C. to meet in order to reinstate her visits with her son, which included, pertinent to this appeal, the following: contacting the social worker at least once a week to learn about her son's well-being and inform the social worker of updates in her situation; sending her son cards, letters, or gifts via the social worker once each month; if incarcerated, contacting her son, or the foster parents if more appropriate, by phone or by sending him, via the social worker, cards, letters, or gifts; and contacting her social worker monthly.

¶4    On July 13, 2018, C.C. was charged with seven felonies and incarcerated in the Adams County Jail.

¶5      On January 7, 2019, the County filed a petition to terminate C.C.'s parental rights on several grounds including, pertinent here, abandonment. The County alleged that grounds for termination of C.C.'s parental rights existed pursuant to WIS. STAT. § 48.415(1)(a) because C.C.'s son had been placed outside C.C.'s home by circuit court order dated September 15, 2016, and C.C. had failed to visit or communicate with her son for four periods of more than three months each since the date of that order, specifically from December 14, 2016 to April 17, 2017 (period 1); December 14, 2017 to March 14, 2018 (period 2); March 14, 2018 to June 14, 2018 (period 3); and June 14, 2018 to December 6, 2018 (period 4).

¶6      The County moved for partial summary judgment based on abandonment during these four periods.[3] In an affidavit supporting the County's motion, C.C.'s son's social worker averred that during all four periods, C.C. did not visit or communicate with her son and, after the circuit court suspended visitation by order dated January 4, 2018, "did not write letters to be disbursed to [her son], as required by the court ordered conditions." In another supporting affidavit, C.C.'s son's foster parent averred that during all four periods, C.C. had not called or sent any letters to her son or tried to contact the foster family about his well-being.

---

[3] This was the County's second motion for partial summary judgment. The circuit court denied the County's first motion for partial summary judgment based on one of the other grounds alleged in the petition because the court determined that genuine issues of material fact exist as to that ground. In this appeal, the County argues that it is entitled to partial summary judgment on the ground asserted in its first motion. I do not reach this argument because my conclusion that the County is entitled to partial summary judgment on the ground of abandonment is dispositive. *See Barrows v. American Family Ins. Co.*, 2014 WI App 11, ¶9, 352 Wis. 2d 436, 842 N.W.2d 508 (2013) ("An appellate court need not address every issue raised by the parties when one issue is dispositive.").

¶7     In support of her opposition to the County's motion, C.C. submitted her attorney's affidavit referencing certain details of the criminal case associated with C.C.'s incarceration and averring that C.C. had contacts with her son's social worker during the first alleged period of abandonment, had good cause for not communicating with the social worker or with her son via the social worker during the remaining three alleged periods of abandonment, and did send a letter to the social worker on December 6, 2018, on the end date of the fourth alleged period of abandonment.[4]    C.C. submitted her own affidavit averring to the difficulties, before and during her incarceration, that affected her ability to communicate by phone, by mail, and in person, with her son's social worker during the second, third, and fourth alleged periods of abandonment.    C.C. also submitted the affidavit of her investigator, who averred as to information provided by a sergeant at the Adams County Jail regarding, among other things, policies pertaining to mail and meetings with county human service departments.    Pertinent details of these affidavits will be reviewed in the discussion section that follows.

¶8     In reply, the County submitted to the court the affidavit of an administrator of the Adams County Jail, who averred that she had compiled records of the outgoing mail sent by C.C. while C.C. was at the jail in 2018 and 2019, and that the records she had compiled were attached to the affidavit.

¶9     At a hearing on the County's motion, C.C.'s attorney conceded that the County made a prima facie case that C.C. failed to visit or communicate with her son during the second, third, and fourth alleged periods of abandonment, but

---

[4] The letter was sent out from the Adams County Jail on December 6, 2018, the end date of the fourth alleged period of abandonment, and the Department received the letter on December 10, 2018.

5

argued that there were genuine issues of material fact supporting C.C.'s good cause for C.C.'s failure to do so. The circuit court determined that there was no genuine issue of material fact that C.C. failed to show good cause for her failure to communicate with her son during the second, third, and fourth alleged periods of abandonment, and granted partial summary judgment to the County as to C.C.'s unfitness based on abandonment for those three periods.

¶10    At the subsequent dispositional hearing, the circuit court concluded that termination of C.C.'s parental rights was in her son's best interest and ordered the termination of C.C.'s parental rights. This appeal follows.

## DISCUSSION

¶11    As stated, C.C. makes three arguments challenging the circuit court's grant of partial summary judgment in the grounds phase of this termination of parental rights case. I first review the applicable legal principles and standard of review governing this appeal. I then address each of C.C.'s arguments in turn.

### I. Applicable Legal Principles and Standard of Review

¶12    "Wisconsin has a two-part statutory procedure for the involuntary termination of parental rights." *Steven V. v. Kelley H.*, 2004 WI 47, ¶24, 271 Wis. 2d 1, 678 N.W.2d 856. "In the first, or 'grounds' phase of the proceeding, the petitioner must prove by clear and convincing evidence that one or more of the statutorily enumerated grounds for termination of parental rights exist." *Id.* "[I]f grounds for the termination of parental rights are found by the court or jury, the court shall find the parent unfit." *Tammy W-G. v. Jacob T.*, 2011 WI 30, ¶18, 333 Wis. 2d 273, 797 N.W.2d 854 (citation omitted). The second phase, the dispositional hearing, "occurs only after the fact-finder finds a WIS. STAT.

6

§ 48.415 ground has been proved and the court has made a finding of unfitness. In this step, the best interest of the child is the 'prevailing factor.'" *Id.*, ¶19 (internal citations and quoted source omitted).

¶13    C.C.'s appeal concerns the first step, establishing the statutory ground of abandonment for termination of parental rights, specifically regarding C.C.'s failure to visit or communicate with her son for a period of three months or longer. *See* WIS. STAT. § 48.415(1)(a)2.  Under § 48.415(1)(a)2., abandonment may be established by demonstrating that a "child has been placed, or continued in a placement, outside the parent's home by a court order" and "the parent has failed to visit or communicate with the child for a period of 3 months or longer."  If the parent has failed to communicate or visit with the child, abandonment is not established if the parent proves, by a preponderance of the evidence, good cause for having failed to visit or communicate.  Section 48.415(1)(c).

¶14    This court reviews a circuit court's grant of summary judgment de novo, applying the same methodology as the circuit court. *State v. Bobby G.*, 2007 WI 77, ¶36, 301 Wis. 2d 531, 734 N.W.2d 81.  The methodology for summary judgment is well established.  First, the court considers the moving party's affidavits and other proof to determine whether the movant has made a prima facie case for summary judgment. *L.L.N. v. Clauder*, 209 Wis. 2d 674, 683, 563 N.W.2d 434 (1997).

> If a moving party has made a prima facie case for summary judgment, the opposing party must show, by affidavit or other proof, the existence of disputed material facts or undisputed material facts from which reasonable alternative inferences may be drawn that are sufficient to entitle the opposing party to a trial.

*Id.* Thus, summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Bobby G.*, 301 Wis. 2d 531, ¶36; WIS. STAT. § 802.08(2).

¶15 Our supreme court has cautioned that "summary judgment will ordinarily be inappropriate in [termination of parental rights] cases premised on these fact-intensive grounds for parental unfitness." *Bobby G.*, 301 Wis. 2d 531, ¶40 (quoting *Steven V. v. Kelley H.*, 2004 WI 47, ¶36, 271 Wis. 2d 1, 678 N.W.2d 856) (brackets in *Bobby G.*). The court has identified abandonment as one of these fact-intensive grounds. *Steven V.*, 271 Wis. 2d 1, ¶36. Nevertheless, the court has not held that abandonment can *never* form the basis for summary judgment. *See Bobby G.*, 301 Wis. 2d 531, ¶40. Instead, the court has emphasized that "[t]he propriety of summary judgment is determined case-by-case." *Id.* (quoting *Steven V.*, 271 Wis. 2d 1, ¶37 n.4) (brackets in *Bobby G.*).

¶16 Here, as stated, C.C. has conceded that the County made a prima facie case that C.C. failed to visit or communicate with her son during each of the second, third, and fourth alleged periods of abandonment. C.C.'s arguments on appeal address her burden to prove by a preponderance of the evidence that she had good cause for having failed to visit or communicate with her son throughout the alleged periods of abandonment. *See* WIS. STAT. § 48.415(1)(c)1., 2. Specifically, C.C.'s arguments address whether the circuit court erred in determining that she had failed to show that genuine issues of material fact exist regarding her failure to visit or communicate.

*II. Absence of Genuine Issues of Material Fact as to Good Cause*

¶17 C.C. argues that the circuit court improperly made factual findings instead of determining whether there were genuine issues of material fact as to

whether C.C. had good cause for failing to visit or communicate with her son during the second, third, and fourth alleged periods of abandonment. C.C.'s argument is misplaced because, as stated above, this court reviews a summary judgment independently of the circuit court. The issue on appeal is whether C.C. has shown that the County is not entitled to summary judgment regarding good cause as to any of the alleged periods of abandonment. As I explain, I conclude that the County is entitled to summary judgment as to at least a more than three-month portion of the fourth alleged period of abandonment because there is no genuine issue of material fact that C.C. has failed to show good cause for her failure to communicate with her son from when she was incarcerated on July 13, 2018 until early December 2018.

¶18 The focus of the County's motion for partial summary judgment is on C.C.'s failure to communicate, given the suspension of visitation order issued approximately three weeks after the first alleged period of abandonment began. Pertinent here, that order required that C.C. communicate with her son via the social worker by letter, card, or gift, and that, if incarcerated, she communicate with the foster family if direct communication with her son was not appropriate. As to her failure to communicate by mail with her son via the social worker and to communicate with her son's foster family, C.C. averred that her landlord removed the mailbox from where she was living before she was evicted in April 2018, she had mobility issues and transportation difficulties, she believed that her son was too young to appreciate her communication, she could not afford phone service, and she was unable to communicate by mail after she was incarcerated in July 2018. In addition, C.C. argued at the hearing that she was not allowed to contact any minors after she was arrested in July 2018.

¶19 I conclude that none of these averments establish a genuine issue of material fact as to C.C.'s failure to communicate by mail with her son via the social worker and to communicate with the foster family, during at least the more than three-month period beginning when C.C. was incarcerated on July 13, 2018, through December 5, 2018, which is encompassed in the fourth alleged period of abandonment. I assume, without deciding, that C.C. raised disputed issues of fact as to her inability to send mail when she had mobility issues and no mailbox and was evicted before she was incarcerated. Accordingly, I focus on her averments pertinent to the period during which she was incarcerated, between July 13 and December 6, 2018.

¶20 First, C.C. provides no evidentiary support for her conclusory averment that she believed that her son was too young to benefit from communication with her, despite the requirement that she send him, via the social worker, cards, letters, or gifts; C.C.'s averment does not suffice to create any dispute that she could have sent age-appropriate cards, letters, or gifts to her son between July and December 2018, just before and after he turned three years old, and that he would have benefited from receiving such communication.

¶21 Second, that C.C. could not afford phone service while incarcerated does not create any dispute that she could have afforded a stamp, paper, and an envelope. She does not aver that she had no money in her account to afford stamps, paper, and envelopes during the time she was incarcerated in the jail between July 13, 2018 and December 6, 2018. Moreover, even if she could not afford stamps, paper, and envelopes during that time, in support of C.C.'s response to the County's motion for partial summary judgment, her own investigator averred that she learned from the Adams County Jail sergeant that, "If an inmate

doesn't have money in their account, the jail pays for paper, envelope, and postage one time per week."

¶22 C.C.'s investigator also averred that she learned from the sergeant that, "The jail will always cover the cost for legal mail." C.C. averred, "I have been prohibited from sending letters to Juneau County Department of Human Services for Kaleb while in jail as legal mail." However, these averments as to legal mail do not negate the evidence referenced above showing that is undisputed that C.C. could have sent her son a letter via the social worker at least once a month after she was incarcerated as non-legal mail, whether or not she had money to afford paper, envelope, and postage herself.

¶23 Third, C.C. presents no evidence that the no-contact order issued upon her arrest and incarceration prevented her from communicating by mail with the foster parents directly or via the social worker, or from seeking clarification from the criminal court as to whether sending letters, cards, or gifts to her son via the social worker was permissible under that order.

¶24 Fourth, that C.C. did send a letter to the social worker on December 6, 2018, establishes that she was able to do so while incarcerated at the jail.

¶25 In sum, C.C. has failed to show that there is a genuine issue of material fact as to the absence of good cause for her not communicating with her son and his foster parents during at least the more than three-month period that she was incarcerated between July 13, 2018 and December 6, 2018, which is encompassed in the fourth alleged period of abandonment. Accordingly, the County is entitled to partial summary judgment as to C.C.'s unfitness based on abandonment.

### III. Circuit Court's Reference to the Criminal Complaint and the Affidavit Submitted by the County on Reply

¶26 C.C. argues that the circuit court erred in referencing and relying on material in the criminal complaint and in the affidavit submitted by the County along with its reply brief. I do not reach these arguments because I do not rely on either document in my de novo review of the County's summary judgment motion.

## CONCLUSION

¶27 For the reasons stated, I affirm.

*By the Court.*—Order affirmed.

This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.